UNITED STATES, Appellee

v.

WILLIAM JOSEPH CASTNER, Gunner's Mate Third Class, U. S. Navy, Appellant

3 USCMA 466, 13 CMR 22

CDR Edwin G. Moorhead, USNR, and MAJ Charles J. McCaffrey, USMCR, for Appellant.

LCDR H. D. Golds, USNR, for Appellee.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The accused pleaded guilty to having committed the crimes of violating a lawful general regulation, drunken driving, and involuntary manslaughter proscribed by Article 92, Uniform Code of Military Justice, 50 USC § 686, Article 111, Uniform Code of Military Justice, 50 USC § 705, and Article 119, Uniform Code of Military Justice, 50 USC § 713, respectively. He was sentenced to a bad-conduct discharge, to forfeit $75.00 per month for two years, to be confined at hard labor for two years, and to be reduced to the grade of seaman recruit. Intermediate reviewing authorities have reduced the confinement to one year, but have otherwise approved. We granted accused's petition so that we might review the legality of the sentence. That issue makes a statement of facts concerning the crimes unnecessary.

After the findings of guilty had been announced, the court-martial received evidence in mitigation and extenuation and then closed to arrive at a sentence. When the court-martial opened, the president announced that the accused had been sentenced "To be discharged from the service with a Bad Conduct Discharge, to forfeit $75.00 per month for 24 months, and to be confined at hard labor for 24 months." The law officer, apparently acting on the belief that the sentence was ambiguous, indefinite, or illegal, informed the court-martial that reduction of the accused to the lowest enlisted pay grade would not result automatically. He thereupon directed the court-martial members to redeliberate on the sentence and determine whether they wished to modify the sentence to include a reduction in grade. Thereafter the court-martial closed, reconsidered, and opened to announce a sentence which included the reduction. It is this action which prompted us to grant a review.

Paragraph 126e of the Manual for Courts-Martial, United States, 1951, as amended by Executive Order No. 10256, dated June 23, 1951, provides:

". . . Unless otherwise prescribed in regulations promulgated by the Secretary of the Department concerned, in the case of an enlisted person of other than the lowest pay grade, a sentence which, as ordered executed or as finally approved and suspended, includes (1) dishonorable or bad conduct discharge, whether or not suspended, (2) confinement, or (3) hard labor without confinement, immediately, upon being ordered executed or upon being finally approved and suspended, shall reduce such enlisted person to the lowest enlisted pay grade. . . ."

It is to be noted that reduction is automatic unless the Secretary of the Department concerned orders otherwise. The Secretary of the Navy concluded that the Naval service should not be bound by the provision of the Manual, so he promulgated Section 0122 (Change No. 3), Naval Supplement to the Manual for Courts-Martial, United States, 1951, which provides (p. 22):

"In cases in which the sentence is adjudged on or after 26 April 1952 automatic reduction to the lowest enlisted pay grade under Par. 126e MCM will not be effected in the Naval service. Instead, it is the policy of the Navy Department that reduction to the lowest enlisted pay grade be expressly included in the court-martial sentences extending to a dishonorable or bad conduct discharge or to confinement exceeding three months, of enlisted persons of other than the lowest pay grade."

Of special significance here is that this supplemental regulation is a statement of policy only. By it, ■ a naval court-martial is admonished to include a reduction to the lowest enlisted pay grade in a case where the sentence deemed appropriate by the court-martial includes any one of the stated conditions, but a sentence which does not so provide, when tested by the terms of the regulation, is not illegal. Stated differently, the naval regulation is not couched in terms of a positive command. On the contrary it amounts to no more than a policy declaration. We, therefore, conclude that the sentence as first announced by the court-martial was not illegal.

We also have no hesitancy in concluding that, approached grammatically, or by any other avenue, the ■ sentence as first announced was not ambiguous or indefinite. We, therefore, conclude that the court-martial, by reconsidering the sentence and including the ■ additional punishment of reduction to seaman recruit, has increased the severity of this sentence. That amounts to an attempt to exercise a power which is forbidden

to the court-martial. Manual for Courts-Martial, United States, 1951, Par. 76c, p. 124 states:

". . . If the law officer of a general court-martial notes any ambiguity or apparent illegality in the sentence as announced by the court, he should bring the irregularity to the attention of the court so that it may close to reconsider and correct the sentence. The court may not, however, reconsider the sentence with a view to increasing its severity after the sentence has been announced unless the sentence prescribed for the offense of which the accused has been convicted is mandatory (Art. 62b)."

We do not wish to be understood as criticizing the court-martial members, for they merely acted in accordance with what we consider an inappropriate direction by the law officer. However, where the severity of a sentence is illegally increased, it makes little difference to the accused whether the increase is the result of a wilful, negligent, or inadvertent act. The harm to him is just as real in each instance. To correct the error and end the litigation, we need only exercise the powers granted to us by Section 67 of the Uniform Code of Military Justice and hold that, as a matter of law, the portion of the sentence which is illegal, must be disapproved.

In accordance with the foregoing, the findings of the board of review and the sentence, except that portion which adjudges reduction to seaman recruit, are affirmed. The record is returned to The Judge Advocate General of the Navy for action not inconsistent with this opinion.

Chief Judge QUINN and Judge BROSMAN concur.