UNITED STATES, Appellee

v.

PREDDY P. THOMAS, Private E–1, JACK L. BLANCHARD, Private E–1, and HARRY L. SCOTT, Private E–1, U. S. Army, Appellants

3 USCMA 798, 14 CMR 216

No. 2810

Decided February 26, 1954

Lt Col Edgar R. Minnich, U. S. Army, Maj Edwin Doran, U. S. Army, 1st Lt Wade J. Dahood, U. S. Army, and 1st Lt Richard B. Dempsey, U. S. Army, for Appellants.

Lt Col Paul J. Leahy, U. S. Army, for Appellee.

Opinion of the Court

Paul W. Brosman, Judge:

Following the joint trial by general court-martial of the persons here accused, their convictions of desertion and of escape from confinement were approved by the convening authority and thereafter by an Army board of review. Subsequent to the initial opinion of the board, the accused moved that the case be reassigned and that a rehearing be granted before a different board of review. The propriety of the refusal to reassign is the question before us now under the granted petition of the accused.

II

After the record of trial had been forwarded appropriately by the convening authority, the instant case was referred to a board of review, whose members we shall, for simplicity's sake,

**799**

designate alphabetically as A, B, and C. Only A and C heard the oral arguments of counsel, Member B occupying a leave status at the time. Member C was transferred to an overseas assignment prior to the rendition of the board's decision, which document was signed by A and B alone. Following announcement of the board's decision, and the motion of accused described above, the board granted a rehearing, but declined to relinquish the case to a new board. The rehearing took place before A and B, together with D, who in the meantime had replaced C as a member of the original board of review. A second opinion, signed now by A, B, and D, was delivered close on the heels of the reargument. This opinion disposed of defense contentions adversely, and in words substantially identical with those of the initial opinion.

### III

Whether the Uniform Rules of Procedure for Proceedings in and before Boards of Review do guarantee an opportunity to present oral argument on appeal, we do not now feel called on to decide—for the reason that, in the instant case, each member of the board who subscribed its second decision had, in fact, heard oral argument from defense counsel at least once. Thus, the only defense proposal with which we must grapple here is that one which suggests that Members A and B were irremediably biased through having previously joined in an opinion— voluntarily withdrawn—which decided against defense contentions. In amplification of this position, defense counsel have pointed to Article 63(b) of the Uniform Code of Military Justice, 50 USC § 650, which requires that, upon rehearing, the second court-martial be "composed of members not members of the *court-martial* which first heard the case." (Emphasis supplied.) The defense asserts that, by reason of the authority of a board of review to weigh the evidence and to act on appropriateness of sentence, this agency is so closely analogous to the court-martial itself, as to fall within the purview of Article 63 of the Code.

**800**

This position seems untenable for a number of reasons. Initially we note that Article 63 of the Code comes into play only after a court-martial record has penetrated to a higher echelon for action, and has there been disapproved and remanded for trial *de novo*. On the other hand, Article 62 specifically authorizes reconsideration and revision of its action by the court-martial which tried a case—so long as no material prejudice accrues thereby to the substantial rights of an accused. If we are to proceed by analogy, Article 62 would seem to constitute the appropriate object of our attention—for the record of trial here had not been the subject of action at a higher level prior to its reconsideration by the board of review. The board simply appears to have been attempting, through its own action, to remove any possible basis for grievance on the part of the accused. Admittedly "the 'devil himself knoweth not the mind of man,' and a modern reviewing court is not much better equipped to lay bare unexposed mental processes." National Labor Relations Board v. Donnelly Garment Company, 330 US 219, 91 L ed 854, 67 S Ct 756. However, we are unwilling to assume here that the board of review was guilty of bad faith in granting a sham rehearing, in which rearguments were heard with a deaf ear and a closed mind. Idem.

In construing Article 63, we cannot fail to observe that a board of review differs sharply in composition and function from the court-martial, which originally hears a case. Its members must be lawyers—supposedly schooled in objectivity by their professional training and experience. Their review is based wholly on the record—which, in the instant case, altered not one whit between the first and second arguments. Thus, no danger arises here of perpetuating the baleful effects of prior inadmissible testimony or faulty instructions—as might conceivably be present were a member of a court-martial permitted to sit both at the original trial and at a rehearing. Also, were the defense interpretation of disqualification in this setting to be accepted, we would face

great difficulty in justifying certain well-recognized procedures of military law.

For instance, the staff judge advocate of a command must, prior to trial, advise the convening authority concerning the sufficiency of the evidence to support a reference of charges for trial. Code, supra, Article 34, 50 USC § 605. Yet subsequently this selfsame official must submit to the convening authority his written legal opinion dealing with the validity of findings and sentence resulting from the trial on those very charges. Code, supra, Article 61, 50 USC § 648. Congress did not appear to think that the staff judge advocate should be disqualified for his later reviewing function by reason of a prior expression of opinion in connection with reference for trial.

Nor, so far as we know, has it ever been contended that, in the normal case, and following disapproval by a board of review of findings affirmed by a convening authority, the case may not properly be remanded to that same convening authority and his staff judge advocate. However, under the view of the defense, each would appear to be disqualified through his prior expression of opinion concerning the validity of the original findings and the sentence—those subsequently disapproved by a board of review. So far as we are informed, cases disapproved by us in some respect on petition by an accused are customarily returned to the very board whose action was pronounced erroneous. In fact, we are sure that this specific action has been directed by us at times. No contention seems to have been made that the board should be disqualified to act in the matter because of its prior erroneous expression of opinion. Yet this would seem to be a situation calling for an *a fortiori* application of the defense's contention, if accepted. Indeed, human experience suggests that most persons manifest greater antipathy toward the accomplishment of corrections required by others than toward those the need for which is arrived at independently and without direction. In short, we decline to fish, as defense counsel would have us, in these troubled waters of disqualification—certainly without a more definitive and unmistakable expression of Congressional intent than we now possess.

The Federal Judicial Code provides that no judge shall hear or determine an appeal from the decision ▇▇▇ of a case or issue tried by him. 28 USC § 47. An analogue of this requirement is found in the prohibition of the Uniform Code against a law officer's subsequent action as staff judge advocate to any reviewing authority with respect to a case over which he presided at trial. Article 6c, 50 USC § 556. However, such provisions are without effect in the instant case, since they envisage the progress of the record of trial to a higher level for review, and the expression there of a completely new point of view by completely different persons. The Judicial Code prohibits a judge from sitting when he is biased or prejudiced, or has "a substantial interest" in the matter to be heard. 28 USC §§ 144, 455. However, this provision has not been construed so broadly as to embrace the contentions of defense counsel in the case at bar. See, e.g., Eisler v. United States, 170 F2d 273 (CA DC Cir); Lumber Mutual Casualty Insurance Company v. Locke, 60 F2d 35 (CA 2d Cir). The Second Circuit, when asked to remove a special master because of alleged bias—which, the appellants claimed, stemmed from a judicial reversal of the master's original rulings in the case—declined to find disqualification. Judge Frank, writing for the Court, observed that when, following the reversal of a judge "because of errors in his findings of fact or conclusions of law, the case comes back to his court for further hearing, he will not, if he is the kind of person entitled to hold office as a judge, permit his previous decision in the case to control him." The opinion added: "If, however, 'bias' and 'partiality' be defined to mean the total absence of preconceptions in the mind of the judge, then no one has ever had a fair trial and no one ever will. . . . Only death yields complete dispassionateness, and such dispassionateness signified utter indifference." In re Linahan, 138 F2d 650. Compare Ferrari

**801**

v. United States, 169 F2d 353 (CA 9th Cir); May v. May, 150 Ky 522, 150 SW 685; Sessmer v. Commonwealth, 273 Ky 40, 115 SW2d 337; Berlandi v. Commonwealth, 314 Mass 424, 50 NE2d 210.

Pronouncements by the United States Supreme Court in the area of administrative law point in the same direction. Following the second of the four famous Morgan cases, Secretary Wallace of the Department of Agriculture, expressed in a letter to the *New York Times* vigorous criticism of the Supreme Court's reversal of his prior administrative ruling in the matter. Following remand to the Secretary, the objection was raised that this expression of views disqualified him to reconsider the case. The contention was resolved in favor of the qualification of the Secretary of Agriculture. United States v. Morgan, 313 US 409, 85 L ed 1429, 61 S Ct 999.

In a case arising under the National Labor Relations Act, the employer claimed that both the hearing examiner and the National Labor Relations Board, itself, were biased. At the original hearing, the examiner had ruled against the employer on several points, and had rejected substantial amounts of evidence tendered by him. A Federal Court of Appeals had set aside the order of the Labor Relations Board, which had been based on the examiner's rulings. At the second hearing, the examiner made substantially the same findings and recommendations as before, and the Board issued virtually the same order. The Court of Appeals accepted the employer's view that the examiner had prejudged as valueless the evidence which was adduced at the rehearing—and that his findings should be set aside. However, the Supreme Court disagreed in a unanimous opinion. While admitting that "the Board might have gone beyond the legal compulsion and ordered the new evidence to be heard before a new Examiner who could report with a mind wholly free from prior litigious embroilments," the Court decided that the utilization of the original examiner did not constitute error. National Labor Relations Board v. Donnelly Garment Company,

supra; Davis, Administrative Law § 109. We believe that, to avoid the slightest ground for complaint by the accused that he had been unfairly treated and his case prejudged, the better practice would have dictated reassignment to another board of review in accord with the request of defense counsel. To say that denial of this request resulted in error is another matter, however, and one as to which we cannot agree with defense counsel.

IV

Nothing has been adduced in the nature of either reason or authority, to convince us that the second decision of the board of review was infected with error, or that the accused was deprived of a fair opportunity to present his case to its members. Accordingly, the decision of the board must be affirmed.

Judge LATIMER concurs.

QUINN, Chief Judge (dissenting):

I dissent.

Under Rule IX of Uniform Rules of Procedure for Proceedings in and before Boards of Review, the accused is entitled to present oral argument before the board of review. The right to oral argument clearly implies the right to a fair and unbiased hearing. However, I am convinced that the reargument in this case was "heard with a deaf ear and a closed mind."

The reargument was held at 2:00 pm, February 25, 1953. The board published its second opinion the very next day. This opinion was in mimeograph form; it was over 2000 words in length and covered five pages. Comma for comma, sentence for sentence, line for line, and paragraph for paragraph, it was identical to the preceding opinion of the board of review. Singularly lacking from that portion of the opinion designated "Summary of Proceedings," is all mention of the previous hearing before the board.

Ordinarily, I would not pay much attention to the abbreviated period of time elapsing between the hearing of a case and the publication of the decision. Nor would I regard it as a suffi-

cient reason for concluding that the decision is the product of a predetermined judgment. Nevertheless that circumstance has unusual significance in this case. Two of the three members of the board had not previously heard defense arguments, and presumably one of the two had no prior connection with the case. Yet they were able to weigh the arguments, and determine their merits in relation to the record, in the space of one day. In contradistinction, the first hearing was held on January 5, 1953, and the opinion published on February 9, 1953. Even though the circumstances before the board of review at the original hearing may have been different from those at the rehearing, the time between the rehearing and the publication of the second opinion of the board is so short, that when coupled with the fact the second opinion is *identical* with the first, I am driven to the conclusion that the rehearing was just a formality. Obviously, the accused was deprived of a fair chance to present his argument to an unbiased and open-minded board of review.

Accordingly, I would reverse the decision of the board of review, and return the case to The Judge Advocate General for submission to a different and impartial board of review.