UNITED STATES, Appellant

v.

DANIEL A. LONG, Private First Class, U. S. Army, Appellee

4 USCMA 101, 15 CMR 101

No. 4012

Decided March 26, 1954

LT COL William R. Ward, U. S. Army, and 1ST LT Roderick V. Brown, U. S. Army, for Appellant.

CAPT William C. Irby, Jr. U. S. Army, and 1ST LT Joseph B. Axelman, U. S. Army, for Appellee.

## Opinion of the Court

PAUL W. BROSMAN, Judge:

Following his plea of guilty, the accused was convicted under four specifications alleging larceny, in violation of the Uniform Code of Military Justice, Article 121, 50 USC § 715. After the presentation of personal data concerning the accused, and the tender through counsel of an unsworn statement in extenuation and mitigation, the law officer advised the court-martial that the total maximum authorized punishment aggregated dishonorable discharge, total forfeitures, and confinement at hard labor for eight years. The court closed and reopened some quarter of an hour later. Thereupon, the president announced that the accused had been sentenced "to be confined at hard labor for twenty-four months and to forfeit $50 per month for a like period."

The law officer then read to the court from the Manual for Courts-Martial, United States, 1951, paragraph 127b, the language of which directs that a court-martial shall not, by a single sentence which does not at the same time include a punitive discharge, adjudge against an accused confinement at hard labor for a period greater than six months, nor forfeiture of pay in excess of two-thirds of pay per month for six months. At this point the law officer requested that the court close to reconsider the penalty adjudged—which, he informed its members, was "an illegal sentence." Indeed, the sentence was in part contrary to law. The court reopened five minutes later to inquire whether a punitive discharge might lawfully be imposed without forfeiture of pay, and whether, if confinement be included, a forfeiture is implied. Answers to these questions having been supplied, the court closed once more—this time for a period of thirty-five minutes. The president then reopened the court, reported the withdrawal of the original sentence, and announced that the accused was resentenced "to be discharged from the service with a Bad Conduct Discharge and to forfeit all pay and allowances and to be confined at hard labor for one year."

The convening authority concluded that the sentence was legally correct and appropriate, but—as a matter of clemency—disapproved so much of it as exceeded the punitive discharge imposed, total forfeitures, and confinement at hard labor for six months. The execution of the discharge was suspended. A board of review in the office of The Judge Advocate General, United States Army, concluded that no more than six months' confinement, together with a forfeiture of $50 per month for a like period, could lawfully be affirmed. The Judge Advocate General has certified the following two questions:

"(1) Was the action of the law officer correct in asking the court to close to reconsider its sentence because the sentence as adjudged by the court was an illegal one?

"(2) Was the Board of Review correct in holding correct in law and fact only so much of the subsequent sentence of bad conduct discharge, total forfeitures, and confinement at hard labor for one year as provides for confinement at hard labor for six months and forfeiture of $50 pay per month for a like period?"

We answer each question in the affirmative.

## II

The Manual for Courts-Martial indicates specifically that "If the law officer of a general court-martial � notes any ambiguity or apparent illegality in the sentence as announced by the court, he should bring the irregularity to the attention of the court so that it may close to reconsider and correct the sentence." Paragraph 76c. The case at bar falls precisely within this Manual language, since the court-martial attempted to adjudge a sentence beyond its legal power to impose. United States v. Brasher, 2 USCMA 50, 6 CMR 50; Manual, supra, paragraph 127b. Thus the law officer was under an obligation to direct the attention of the court to the "apparent illegality in the sentence" and to permit its members "to reconsider and correct the sentence."

## III

A situation is readily imaginable in which, through inadvertence, the president of a court-martial may �switch fail properly to announce the actual sentence of the court. See United States v. Robinson, 4 USCMA 12, 15 CMR 12; United States v. Downs, 4 USCMA 8, 15 CMR 8. In such an instance we would be required to conclude that the court-martial possessed power forthwith to correct the sentence in order that it might correspond to that which was in fact voted by the members. Ibid. In the instant case, however, it is apparent that no mere clerical or verbal error was involved. No such indication was afforded by the president nor by other members of the court-martial—and it is inconceivable that the court would have required additional advice concerning punitive action from the law officer, as well as further lengthy deliberation, in order that a mere clerical error might be corrected.

Accordingly, this case falls squarely within the rule of the Manual that "The court may not, however, reconsider the sentence with a view to increasing its severity after the sentence has been announced unless the sentence prescribed for the offense of which the accused has been convicted is mandatory." Manual, supra, paragraph 76c. It is apparent that we are concerned with no mandatory sentence here.

In United States v. Castner, 3 USCMA 466, 13 CMR 22, we considered the problem raised by a Navy court-martial which sentenced a convicted accused person to a substantial period of confinement, but failed to include within the sentence a reduction in military grade. Under the Naval Supplement to the 1951 Manual, such a reduction would not have followed automatically from the sentence to confinement. The law officer requested the court to reconsider the sentence—which its members did. Following reconsideration, they modified it to include a reduction in grade. We found error in a situation in which the court in its second sentence added a reduction in grade which had not been part of the first. In the case before us now, the original sentence in legal effect amounted to one imposing confinement at hard labor for six months together with a forfeiture of $50 per month for six months. Manual, supra, paragraph 76c. Obviously, the subsequent and reconsidered sentence—one which imposed confinement for one year, total forfeitures, and a bad-conduct discharge—operated to increase substantially the severity of the initial penal action of the court. Under the Manual provision, this increase was manifestly illegal, and required correction by reviewing authorities.

## IV

Government counsel have relied on civilian cases to support the contention that the Manual does not mean what it seems to say. They suggest, in fact, that paragraph 76c derives directly from Article 62(b) of the Code, 50 USC

§ 649, and that this statutory provision relates only to a reconsideration of sentence ordered by the convening authority. However, in paragraph 76c, the Manual provides: "Within the limitations prescribed in this paragraph, the court may reconsider a sentence on its own motion at any time *before* the record of trial has been authenticated and transmitted to the convening authority." (Emphasis supplied.)

Obviously, these limitations on the court's power to increase the severity of a sentence once announced are not oriented —as Government counsel suggest—solely to a reconsideration directed by the convening authority. Indeed, reconsiderations following communication from the convening authority seem to have been treated primarily elsewhere in the Manual. Paragraph 80. As previously suggested, paragraph 76c refers to ambiguities or apparent illegality in the sentence noted by the "law officer of a general court-martial." Were the paragraph in question concerned with reconsideration directed by a convening authority, reference would presumably have been to ambiguities or apparent illegality noted by the *staff judge advocate*—since, in the usual case, this functionary would serve as the source of the convening authority's information in the premises. Thus we encounter a thorny path on any route to acceptance of the Government view that limitations on increasing the severity of a sentence do not apply where the court-martial reconsiders its action without direction from the convening authority to do so.

Nor is it inconceivable that the Manual's draftsmen elected thoughtfully to avoid the Federal practice in the matter —assuming the correctness of the Government's view concerning the power of a Federal judge to withdraw a sentence and to substitute a harsher one. It will be recalled that under military law the sentence is imposed by the court, whose membership corresponds in general to the civilian jury. Thus, it is foreseeable that a court-martial's reconsideration of a sentence might well be tainted through its consideration of irrelevant and inadmissible factors— which would in no way affect the revision of a sentence by a judge. Cf. United States v. Thomas, 3 USCMA 798, 14 CMR 216. Moreover, in light of the purposes and objectives of the Uniform Code, the draftsmen of the Manual may have been desirous of escaping defense contentions of "command control"—however groundless in fact—which might be expected to arise were a court-martial permitted on reconsideration to mete out an increased penalty. In any event, by the overt dictates of the Manual a court-martial is precluded from altering its decision expressed in an announced sentence, and thereafter taking more severe penal action.

The certified questions having been answered in the affirmative, the action of the board of review is affirmed.

Chief Judge QUINN and Judge LATIMER concur.