UNITED STATES, Appellee

v

PRYCE HOUNSHELL, JR., Airman First Class,
U. S. Air Force, Appellant

7 USCMA 3, 21 CMR 129

No. 7393

Decided April 20, 1956

*Captain Richard C. Bocken* argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Colonel Stanley S. Butt* and *Captain Frank Fedele.*

*Major John M. Rankin* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Emanuel Lewis.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused was found guilty by a general court-martial of seventeen vio-lations of the Uniform Code of Military Justice. The court-martial sentenced the accused to a dishonorable discharge,

total forfeitures, confinement at hard labor for twelve years, and also imposed a fine of $1500.00 with provision for an additional period of twenty months of hard labor if the fine was not paid. The convening authority approved the findings and modified the sentence. A board of review set aside a number of the findings of guilty and reduced the period of confinement at hard labor to six years, but otherwise affirmed the sentence.

The first issue before us is whether the approved sentence which includes both a fine and forfeitures ■ is legal. The Manual for Courts-Martial, United States, 1951, paragraph 127c, Section B provides:

"A fine may be adjudged against any enlisted person, *in lieu of forfeitures,* provided a punitive discharge is also adjudged." [Emphasis supplied.]

Appellate defense counsel contend that under this provision a fine cannot be imposed upon an enlisted person in addition to forfeitures. We agree.

Courts-martial have the power to adjudge fines instead of forfeitures in all cases in which the article of the Uniform Code violated by the accused authorizes punishment as a court-martial may direct. However, a fine cannot be imposed upon an enlisted accused unless the case falls within the additional punishment provisions of Section B, paragraph 127c. Manual for Courts-Martial, supra, paragraph 126h(3). The additional punishment section states that a fine may be adjudged against an enlisted person only in lieu of forfeitures. Black's Law Dictionary defines the words "in lieu of" as "Instead of; in place of; in substitution of." Webster's New International Dictionary, 2d ed, gives the same meaning for those words. It is clear therefore that under the express terms of the Manual, a court-martial can impose a fine upon an enlisted accused only as a substitute for, but not in addition to, forfeitures. See United States v DeAngelis, 3 USCMA 298, 12 CMR 54.

Our conclusion that both a fine and forfeitures cannot be adjudged against an enlisted accused in the same sentence does not completely determine the issue. The remaining question is which part of the sentence must be set aside as illegal. Here the record shows that the court originally announced a sentence of dishonorable discharge, confinement at hard labor for twelve years, and a fine of $1500.00 with provision for additional hard labor of twenty months if the fine was not paid. That is a perfectly legal sentence. However, trial counsel called the court's attention to the fact that it had not adjudged any forfeiture. The following colloquy took place:

"TC: Is it proper to ask the court whether in their determination they did not intend to adjudge any forfeiture of pay?

"LO: Does the Defense have anything to say?

"DC: That was the sentence of the court.

"TC: I ask permission of the law officer, or rather ask the law officer to ask that question of the court if that finding represents their complete findings and if they intend to adjudge any forfeiture of pay.

"LO: Gentlemen, does your finding represent your complete findings in this case?

"PRES: The court interpreted the Manual to mean that all pay ceased upon approval of the findings presently expressed. If that is in error—

"LO: I believe that assumption is in error.

"PRES: Then this does not represent the finding of the court.

"LO: The court will be closed."

It is apparent that the court misinterpreted the law. It is equally apparent however that the ■ president of the court in his announcement of the sentence did not misstate the actual sentence determined by the court members. United States v Castner, 3 USCMA 466, 13 CMR 22. Consequently on announcement in open court, the sentence became final and could not thereafter be increased in severity. United States v Linder, 6 USCMA 669, 20 CMR 385;

**5**

United States v Long, 4 USCMA 101, 15 CMR 101. Patently, the second sentence increased the punishment by adding the forfeitures. The forfeiture part of the sentence therefore is illegal. United States v Long, supra.

The second issue on which we granted review is whether there was an unreasonable delay in bringing the case to trial. The accused was confined on February 20, 1954, but he was not brought to trial until December 8, 1954. The accused contends that this delay deprived him of his right to a speedy trial.

The United States Constitution guarantees to all persons prosecuted under Federal law "the right to a speedy and public trial." United States Constitution, Amendment VI. Article 10 of the Uniform Code, 50 USC § 564, reiterates that guarantee. In pertinent part it provides:

". . . When any person subject to this code is placed in arrest or confinement prior to trial, immediate steps shall be taken to inform him of the specific wrong of which he is accused and to try him or to dismiss the charges and release him."

To give emphasis to the importance of the right, Congress provided that when a person is held for trial by general court-martial "the commanding officer shall, within eight days after the accused is ordered into arrest or confinement, if practicable, forward the charges, together with the investigation and allied papers, to the officer exercising general court-martial jurisdiction. If the same is not practicable, he shall report in writing to such officer the reasons for delay." Article 33, Uniform Code of Military Justice, 50 USC § 604. It further provided that any person responsible for an unnecessary delay in the disposition of a case violates the Uniform Code. Article 98, Uniform Code of Military Justice, 50 USC § 692. Unquestionably therefore the right to a speedy trial is a substantial right. And, if it is denied to the accused, the trial judge can redress the wrong by dismissing the charges. Petition of Provoo, 17 FRD 183, affirmed 350 US

857, 100 L ed (Adv. 68), 76 S Ct 101. Cf. United States v Parker, 6 USCMA 75, 85, 19 CMR 201.

The staff judge advocate of the command maintains that the delay in bringing the accused to trial in this case was caused by the difficulties encountered in interviewing witnesses and obtaining depositions and documentary evidence. These circumstances, of course, determine the reasonableness of the delay. Nevertheless, the facts of this case still leave room for substantial doubt as to whether the delay has been satisfactorily explained. The accused was kept in continuous confinement for 284 days before he was brought to trial. Plainly tighter administrative control of the processing of the case should have been exercised. However, even assuming for the purpose of this case that the delay was excessive, the accused waived his right to a more speedy trial.

The right to a speedy trial is a personal right which can be waived. If the accused does not demand a trial or does not object to the continuance of a case at the prosecution's request or if he goes to trial without making any objection to the lapse of time between the initiation of the charges and the trial, he cannot complain of the delay after he has been convicted. Pietch v United States, 110 F2d 817 (CA10th Cir). As the Court of Appeals stated in Bayless v United States, 147 F2d 169, 170, rev'd on other grounds 150 F2d 236 (CA8th Cir):

". . . But it is not the law that the mere lapse of such period of time between commission of a crime and trial of an indictment therefor establishes denial of a speedy trial within the intendment of the sixth constitutional amendment. The amendment guarantees the legal right to an accused to demand and to be accorded a trial as soon as the orderly conduct of the business of the court will permit and one complaining of delay must affirmatively demand his right of trial."

Perhaps the situation in the military

6

is such as to require greater caution in applying the principle of ▮▮▮▮ waiver than exists in the Federal criminal courts. The accused may be incarcerated in the stockade or the brig before formal charges are prepared. Since he has no right to military counsel at that stage of the proceedings, (see, United States v Moore, 4 USCMA 482, 16 CMR 56) he may not know of, and therefore be unable to insist upon, a right to a speedy trial. However, the effect of these factors upon the rule of waiver need not be decided in this case. Here the accused was confined on February 20, 1954, the charge sheet was signed on April 29, and on the same day, the accused was informed of the charges. On June 8, the charges were ordered investigated. Three days later the investigating officer advised the accused of his rights in connection with the investigation. The accused requested civilian counsel, and that counsel represented him throughout the investigation which continued until July 2. Counsel was a member of the Bar of the State of California and of the Supreme Court of Japan. The same counsel represented the accused at the trial, together with appointed military defense counsel. Neither lawyer moved to dismiss the charges because of the delay in prosecution. See Manual for Courts-Martial, United States, 1951, paragraph 67a. As a matter of fact, instead of objecting to further proceedings because of the delay, defense counsel presented the accused's pretrial confinement as a mitigating fact for the court-martial's consideration in its determination of the sentence.

To avoid the waiver rule, appellate defense counsel contends that, in enacting Article 10 of the Uniform Code, Congress intended to adopt the practice which prevails in some states. Under this practice, an accused is discharged if he is not brought to trial within a specified period of time after the initiation of charges. The hearings before the Congressional Subcommittee which considered the Uniform Code clearly indicate that Congress did not intend the military practice to be different from the regular Federal criminal court procedure.

"MR. ANDERSON. Well, is there anything else in the code that sets any sort of a time limit on the length of time that a man can be held in the brig pending his trial?

"MR. LARKIN. There is no provision as to hours or days. There are several other provisions which direct speedy trials. However, there is one article that provides in peacetime that you cannot try a man without his consent in less than 5 days after you have served him with the charge in a general court and 3 in a special.

"The idea was to provide that there be a speedy trial but not one that is so speedy that the man cannot prepare his own defense.

"MR. ANDERSON. Well, I think of the cases that occurred—I think numerous times during the war and probably in all branches of the service, although I was more familiar with the Navy side of it where a fellow was put in the clink and held there for weeks, sometimes months, before he was brought to trial.

"I am just wondering if we cannot do something in this code to insure the fact that the man is given a trial within a certain length of time or as I understand the California law reads it is that if he is not brought to trial within 30 days the charges are dismissed and he is released, because a man can be held for many weeks even under the terms of this code and in spite of the fact that it says 'immediate' if the exigencies of the occasion are that he is a long way from the mainland or that he is confined aboard ship, it does not work out.

 • • • • •

"MR. deGRAFFENRIED. One thing we have to consider is this, though. You take the case where a prosecuting witness might be seriously injured in some kind of a fray. The man charged with assaulting him may be held and this man assaulted is in the hospital and they could not use him as a witness until he got well to come to court unless they got

his deposition which is not quite as satisfactory as having a man on the witness stand where you can hear his testimoney [sic] and see his demeanor and give the defense counsel an opportunity for cross-examination.

"And if we fix a definite time limit there, why it might be that a case would have to go out before this prosecuting witness was able to come to court. And where we use this word 'immediate' here, that is like using 'forthwith,' which means to go ahead. I believe that is just about as close as we can get to it.

. . . . . .

"MR. LARKIN. That is just our idea, Mr. deGraffenried. To set a standard for a number of cases is very difficult. And in addition to that there are perfectly reasonable exigencies that arise in individual cases which just do not fit under a set time limit.

"Now, to nail that idea of a speedy trial down and to assusre [sic] that it is complied with we have added article 98, which I draw your attention to at this time and which makes it an offense to engage in any unnecessary delay.

. . . . .

"MR. ANDERSON. I see. And that is new?

"MR. LARKIN. That is new. That is a brand new offense. We put it in with your idea in mind, Mr. Anderson.

. . . . .

"MR. LARKIN. I also draw your attention to article 33, which attempts to make a flexible time limit, where we set an 8-day time period is provided, wherein the article requires the commanding officer in general court-martial cases to forward the charges he has received against a man to the next higher echelon.

"We put in there 'if practicable' to take care of the exigencies which may not make it practicable, but if he does not do it as you see he must report the reasons why he does not.

"So I think the combination of 33 and 98 is pretty good assurance that the cases will be speedily processed. And as I said before, there is great desirability in that. But you have to be careful in not going too far and process the cases so speedily that the accused does not have a chance to prepare his defense. I think it is a pretty good balance, the way it is provided." [Hearings before Subcommittee of House Armed Services Committee, 81st Congress, 1st Session, on HR 2498, pages 906–907.]

It is apparent therefore that the draftsmen of the Uniform Code and Congress did not intend to provide for the automatic release from confinement of an accused because he is not brought to trial within a defined period of time. Instead, they provided for two things: (1) They reaffirmed an accused's right to a speedy trial, which he could effectively enforce by a motion for appropriate relief. He would then either be tried expeditiously or the charges against him would be dismissed. (2) Any person responsible for an unnecessary delay in the disposition of a court-martial case could be tried for a violation of the Uniform Code.

In view of the foregoing, the findings of guilty and only so much of the sentence as provides for a dishonorable discharge, confinement at hard labor for six years, and a fine of $1500.00 are affirmed.

Judge LATIMER concurs.

Judge FERGUSON did not participate in the decision in this case.