**UNITED STATES**

v.

**Staff Sergeant Bobby E. JUSTICE, FR 331–28–4017 Headquarters, 51st Composite Wing Fifth Air Force (PACAF).**

**ACM 22091 (recon).**

United States Air Force Court of Military Review.

Sentence Adjudged 24 May 1976.

Decided 21 Jan. 1977.

Appellate Counsel for the Accused: Colonel Robert W. Norris and Captain David A. Bateman.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before LeTARTE, EARLY and FORAY, Appellate Military Judges.

DECISION UPON RECONSIDERATION

LeTARTE, Chief Judge:

In our initial decision in the above entitled case, No. 22091, 2 M.J. 344 (A.F.C. M.R. 23 December 1976), we affirmed the findings of guilty and the sentence, both as modified therein. Thereafter, we granted appellate government counsel's motion for reconsideration.

Upon original review of the record of trial, we indicated that the military judge had erred in advising the court that it could reconsider its sentence and either decrease or increase it dependent upon the number of members voting for reconsideration. Appellate government counsel now contend that the following language in our opinion is "inaccurate as a matter of law:"

> There is no provision in military law that permits a court to reconsider its sentence for the purpose of increasing the severity of the punishment imposed unless the sentence prescribed for the offense of which the accused has been convicted is *mandatory.* Article 62(b)(3), Code, supra; Manual for Courts-Martial, [1969 (Rev)], paragraph 76c; see *United States v. Kuzilik,* 49 C.M.R. 525, 527 (A.F.C.M.R. 1974); *United States v. Long,* 4 U.S.C. M.A. 101, 15 C.M.R. 101 (1954). This rule applies whether the sentence reconsideration is initiated by the military judge under paragraph 76c of the Manual or by the court on its own motion under paragraph 76d.

Inasmuch as we concluded that the second sentence determined by the court was less severe than the first, our opinion pertaining to the propriety of the military judge's instructions was not relevant to our disposition of the case. Nevertheless, because of appellate government counsel's contention that our opinion could be construed as indicating that a court-martial is powerless to reconsider and increase its sentence even if the reconsideration is initiated by the court on its own motion *before sentence announcement,* we are constrained to discuss this subject further. We will also consider appellate defense counsel's ancillary assertion that the court's original sentence *was effectively announced* in this instance since the worksheet reflecting this sentence was examined by counsel for both sides.

Initially, we reaffirm our position that under the circumstances of this case the sentence reconsideration was not initiated by the court on its own motion. The record clearly demonstrates that the court would not have voted to reconsider its sentence had it not been for the military judge's intervention. After examining the sentence worksheet and ascertaining that the court had intended to impose both a fine and a forfeiture, the military judge declared:

> MJ: I am going to give you a new worksheet. Do you think you need your forfeiture data again while you go in this time? *I am going to send you back out.* [Emphasis supplied.]

Thereafter, the judge repeated his instructions on forfeitures and fines, cautioned the members that they should not change "any other form" of the sentence without further instructions and, upon reflection, added:

> MJ: . . . I think it's probably appropriate for the situation, if the court comes out with a sentence, which in this case, cannot be approved the way it is and doesn't follow my instructions, it could be announced and it could be left with the convening authority to take action that would remove the inconsistency; *however, the court, I feel, has an obligation to correct the situation now.* If you do not want to reconsider that sentence, and I will give you instructions on reconsideration, then you don't have to do it. You can announce what you have. If you *do want to reconsider,* then you should follow the instructions that I am going to give you now. [Emphasis supplied.]

Considering this advice, especially the admonition that the only alternative would be for the convening authority to correct the court's mistake, it is understandable that the members chose to reconsider. The situation is not unlike that discussed by the Court of Military Appeals in *United States*

*v. Linder,* 6 U.S.C.M.A. 669, 20 C.M.R. 385 (1956), where, in a concurring opinion, Judge Latimer commented:

It is to be noted that the court-martial members had arrived at what they believed to be a suitable punishment. Apparently the appropriate number had concluded that a bad-conduct discharge was inappropriate. The reconsideration prior to announcement was not brought about because any one member believed the original sentence should be modified. Figuratively, the change was forced on them by the law officer. Undoubtedly, the court-martial members may reconsider a sentence prior to its announcement, if the reconsideration was not prompted by an outsider; but if the influence of an interloper is the reason for corrective action, the punishment finally imposed must not exceed that originally agreed upon.

■ Turning to appellate government counsel's claim that the language quoted from our original decision is inaccurate, we agree that the rule expressed therein is dependent upon the additional factor of sentence "announcement." It is well-settled that a court has the unqualified right to reconsider a sentence and increase its severity if the reconsideration occurs before announcement, provided, as indicated above, that the court's decision to reconsider was not "prompted by an outsider." *United States v. Linder,* supra; *United States v. Simpson,* 10 U.S.C.M.A. 229, 27 C.M.R. 303 (1959); *United States v. Hounshell,* 7 U.S.C.M.A. 3, 21 C.M.R. 129 (1956); *United States v. Long,* 4 U.S.C.M.A. 101, 15 C.M.R. 101 (1954); *United States v. Castner,* 3 U.S.C.M.A. 466, 13 C.M.R. 22 (1953). But see *United States v. Jackson,* 45 C.M.R. 373 (A.F.C.M.R.1972).[1]

In our original decision, we described the first sentence determined by the court as "unannounced" and the second as "announced." We did not attribute any particular significance to this distinction since our finding that the military judge's instructions were improper was premised upon our opinion that the court had not reconsidered the sentence *on its own motion.* Nevertheless, appellate defense counsel argue that we could have reached the same result simply by determining that the original sentence was *effectively* announced and, therefore, that further consideration with a view toward increasing the punishment was precluded on that basis. Manual for Courts-Martial, supra, paragraph 76c. We agree that our conclusion could have been based on either ground.

■ We begin with the premise that sentence announcement occurs at the time the accused or his counsel is *informed* in open session of the sentence determined by the court. In *United States v. Linder,* supra, at page 394, Judge Latimer interpreted the Manual requirement that "the president will announce the sentence in open court"[2] as meaning "that the sentence must be orally stated, by the president, in an audible voice, which can be heard by officers and members of the court, and the accused and his counsel." Further, Judge Latimer equated the requirement in paragraph 76c that the law officer should bring to the court's attention "any ambiguity or apparent illegality in the sentence as announced by the court" as a "rather definite requirement that the law officer must learn of any irregularity in the sentence by hearing it announced in open court and not by having it secretly furnished to him."

■ If, in fact, Judge Latimer's opinion stands for the proposition that a sentence is

---

1. In *Jackson,* the court's original sentence was not announced. Nevertheless, *despite the military judge's intervention,* we intimated that the court could have reconsidered this sentence and increased its severity had it received "proper instructional guidelines" as to the procedure for reconsidering unannounced sen-

tences. Obviously, our present opinion is not in accord with that supposition.

2. Manual for Courts-Martial, United States, 1951, paragraph 76c. The provision is substantially the same in the present Manual.

not announced unless and until "orally stated" by the president, we believe that it represents an overly narrow construction of the announcement process as intended by Congress. Article 53, requiring that "[a] court-martial shall announce its findings and sentence to the parties as soon as determined," was included in the Uniform Code of Military Justice because it was "felt appropriate . . . that the accused and his counsel be informed as to the outcome of the trial as soon as the results are determined."[3] Ergo, if being informed in open session is the criterion for formal announcement, and we believe it is, the sentence was announced in the instant case at the moment the accused's counsel was permitted to examine the court's sentence worksheet. Thereafter, the court no longer was empowered to reconsider its sentence with a view toward increasing the punishment, even on its own motion. Manual for Courts-Martial, 1969 (Rev), paragraphs 76c and 76d; see United States v. Long, supra.

■ In sum, we are of the opinion that once the sentence determined by the court has been communicated in some manner to the accused or his counsel, such notification constitutes formal announcement for the purpose of invoking the rules pertaining to reconsideration subsequent to announcement. Recognition of this principle should eliminate most questions involving formal sentence announcement.[4]

Though the practice of previewing the sentence worksheet before sentence announcement is sanctioned in the Manual for Courts-Martial, supra, Appendix 8b–25 (Trial Procedure Guide), it really serves no useful purpose and can lead, as in the case before us, to a number of problems. If the sentence worksheet prepared by the court reveals no ambiguity or illegality, the military judge would immediately return the

document to the president and nothing more would have been accomplished than a slight delay in the proceedings. On the other hand, if the military judge perceives an ambiguity or illegality, he would then be required to show the worksheet to the accused and counsel for both sides before instructing the court as to its prerogative to reconsider and correct the sentence. United States v. Linder, supra; United States v. Norwood, 16 U.S.C.M.A. 310, 36 C.M.R. 466 (1966); United States v. Kuzilik, 49 C.M.R. 525 (A.F.C.M.R.1974); Manual for Courts-Martial, supra, paragraph 76c. But inasmuch as this procedure is tantamount to sentence announcement, the military judge would be in the same position as he would have been had he permitted the president to read the sentence determined by the court in the first instance. In both situations, the court could not reconsider and increase the punishment, unless the prescribed sentence were mandatory. Manual for Courts-Martial, ibid.

Similarly, if the military judge's purpose in examining the sentence worksheet before announcement is merely to check for defects in form, such procedure, understandably, is not included in the reasons for previewing sentences as set forth in the Manual's Trial Procedure Guide, though it is for prefindings announcements. Manual for Courts-Martial, supra, Appendix 8b–23. As in the case of errors made in announcing the sentence as actually determined by the court, such defects may be corrected after sentence announcement and without sentence reconsideration. Manual for Courts-Martial, supra, paragraph 76c.

For the reasons stated, the Court adheres to its original decision of 23 December 1976.

EARLY, Senior Judge, and FORAY, Judge, concur.

---

3. House Document 37, 81st Congress, page 1083 (Index and Legislative History–Uniform Code of Military Justice, Article 53, page 1083).

4. For example, an accused permitted to examine the court's sentence worksheet before the

sentence is orally announced by the president could not thereafter withdraw a plea of guilty in the expectation that he might fare better on the sentence by pleading not guilty. Article 45(b), Code, supra.