UNITED STATES, Appellee,

v.

Thomas P. JONES, Boatswain's Mate
First Class, U. S. Navy, Appellant.

No. 31,465.

NCM 74-2506.

U. S. Court of Military Appeals.

Sept. 12, 1977.

*Captain Eugene A. Ritti,* USMCR, argued
the cause for Appellant, Accused. With
him on the brief was *Lieutenant Robert A.
DiBiccaro,* JAGC, USNR.

*Lieutenant Commander Harvey E. Little,*
JAGC, USN, argued the cause for Appellee,
United States. With him on the brief were
*Lieutenant Colonel P. N. Kress,* USMC,
*Lieutenant Commander A. K. Llewellyn,*
JAGC, USNR, and *Lieutenant Steven D.
Moore,* JAGC, USNR.

## OPINION OF THE COURT

PERRY, Judge:

The appellant was convicted of involun-
tary manslaughter,[1] in violation of Article
119, Uniform Code of Military Justice, 10
U.S.C. § 919. He was sentenced to a bad-
conduct discharge, confinement at hard la-
bor for 12 months, and reduction to the
grade of E–3. The convening authority
approved the findings and sentence, and the
United States Navy Court of Military Re-
view did likewise pursuant to a written
opinion. We granted review to consider
whether the military judge committed error
when he permitted the court to increase the
severity of its previously announced sen-
tence by adding to it the bad-conduct dis-

---

1. The appellant was charged with the premedi-
tated murder of the named victim (Charge I
and its specification), and with voluntary man-
slaughter of the same person (Charge II and its
specification). Acquitted of Charge I, the ap-
pellant was convicted of a lesser offense of
Charge II, involuntary manslaughter.

charge. We have concluded that he did. Therefore, we reverse.[2]

## I

During the presentencing portion of the trial, the military judge thoroughly instructed the members as to their responsibilities in adjudging an appropriate sentence. A Sentence Worksheet was handed to the president of the court and the judge advised the president that the court "should scratch out what you do not want to read and circle those portions that you do." The Sentence Worksheet contained the full panoply of sentencing options, including line 11: "To be discharged from the service with a bad-conduct discharge," and line 12: "To be dishonorably discharged from the service."

After completion of the sentencing instructions, the military judge closed the court. When deliberations on the sentence had been completed, the judge reopened court and the president announced the following sentence:

> To be reduced to pay grade E–3;
>
> To be confined at hard labor for eighteen months;
>
> To be discharged from the service as undesirable at the completion of confinement.

The following exchange then occurred between the military judge and the president of the court:

> MJ: Mister President.—Your, well—You may be seated. Mister President, that is not a legal sentence and you may want to . . .
>
> PRES: The discharge?
>
> MJ: Yes. Reclose the court and determine if the court—The only types of discharges this court is allowed to ad-

judge is a Bad-Conduct Discharge or a Dishonorable Discharge, so, the court has no power to award an undesirable discharge or any other type of discharge, administrative discharge, that is the procedure and it's not an authorized court-martial procedure, therefore reclose and reconsider that portion of the sentence or the whole sentence, the sentence as a whole.

Then the military judge again closed the court, and, 12 minutes later, the court reopened and the president announced that the appellant had been sentenced:

> To be reduced to the grade of E–3;
>
> To be confined at hard labor for twelve months; and
>
> To be discharged from the service with a Bad-Conduct Discharge.

An examination of the Sentence Worksheet reveals that the members had lined out the words, "with a bad-conduct discharge" in line 11 and had written in the words, "as undesirable at completion of confinement." Additionally, they had "scratch[ed] out" line 12 entirely.[3]

## II

Paragraph 76c, Manual for Courts-Martial, United States, 1969 (Revised Edition), provides, *inter alia* :

> If the military judge notes any ambiguity or apparent illegality in the sentence as announced by the court, he should bring the irregularity to the attention of the court so that it may close to reconsider and correct the sentence. *The court may not, however, reconsider the sentence with a view to increasing its severity after the sentence has been announced* unless the sentence prescribed for the

2. This conclusion moots the supplemental assignment of error which we granted to consider the effect of trial counsel's reference in his sentencing argument to general deterrence. *United States v. Mosely,* 24 U.S.C.M.A. 173, 51 C.M.R. 392, 1 M.J. 350 (1976).

3. Subsequent to trial, on April 2, 1974, a clemency hearing was held with the convening authority. Also present were the appellant's trial defense counsel and several of the appellant's

superiors. A suspension of the bad-conduct discharge was the primary objective of this hearing. The day following this meeting, two enlisted members of the appellant's court-martial submitted clemency letters to the convening authority; one of them recommended suspension of the punitive discharge and the other recommended its disapproval and a return of the appellant to duty.

offense of which the accused has been convicted is mandatory (Art. 62(b)). (Emphasis added).

 It is beyond cavil that a court-martial is powerless to adjudge an administrative separation from the service, such as an undesirable discharge. *United States v. Keith*, 22 U.S.C.M.A. 59, 46 C.M.R. 59 (1972); *United States v. Turner*, 14 U.S.C.M.A. 435, 34 C.M.R. 215 (1964); *United States v. Phipps*, 12 U.S.C.M.A. 14, 30 C.M.R. 14 (1960); *see* paragraph 126a, MCM 1969 (Rev.). Therefore, any purported effort to do so is a legal nullity. Critical to resolution of the issue at bar is whether such an attempt renders void the entire announced sentence, or only that illegal part concerning an administrative discharge.

The Courts of Military Review have split on this question. The United States Navy Court of Military Review in its opinion in this case followed the former rationale.[4] Having reasoned that the illegal attempt to impose an administrative discharge rendered the entire sentence void, that court found no impediment to the authority of the court-martial to go forward and adjudge a legal sentence which included a bad-conduct discharge. In a similar situation, the United States Army Court of Military Review, in *United States v. Cowan*, 47 C.M.R. 519 (A.C.M.R.1973), ruled that the illegal portion of the sentence going to the undesirable discharge did not affect the vitality of the remaining, legal elements and that the second sentence which imposed a bad-conduct discharge was unlawfully more severe on reconsideration than the first one announced.[5] Paragraph 76c, MCM 1969 (Rev.). *See United States v. Kuzilik*, 49 C.M.R. 525 (A.F.C.M.R.1974); *United States v. Laraway*, 30 C.M.R. 436 (A.B.R.1960).

4. *See also United States v. Calkins*, 20 C.M.R. 543 (N.B.R.1956).

5. The interpretation of this Manual provision by the Army Court of Military Review parallels that of the Manual's joint-service drafters. The discussion of paragraph 76d in the Analysis of Contents, Manual for Courts-Martial, United States, 1969, Revised Edition, contains the following remarks which, in part, obviously refer back to paragraph 76c:

The opinion of this Court in *United States v. Long*, 4 U.S.C.M.A. 101, 15 C.M.R. 101 (1954), supports the latter viewpoint. Upon the trial court's having convicted Long of four specifications of larceny, the law officer [now the military judge] instructed the members that the total maximum authorized punishment for the offenses was a dishonorable discharge, confinement at hard labor for eight years, and forfeiture of all pay and allowances. After deliberation, the president of the court announced that the court had sentenced Long to be confined at hard labor for 24 months and to forfeit $50.00 per month for 24 months. At that point, the law officer advised the court members of paragraph 127b, Manual for Courts-Martial, United States, 1951, which directed that a court-martial could not adjudge confinement at hard labor in excess of 6 months, nor forfeiture of pay in excess of two-thirds pay per month for 6 months, unless the court in the same sentence levied upon the accused a punitive discharge. The law officer then admonished the court to close to reconsider this "illegal sentence." Ultimately, the court returned a sentence to a bad-conduct discharge, confinement at hard labor for one year, and forfeiture of all pay and allowances.

After its review of the case, an Army Board of Review concluded that the only sentence which lawfully could be affirmed was one to confinement at hard labor for 6 months and forfeiture of $50.00 pay per month for six months—precisely the sentence which the Manual permitted as the maximum in the absence of an adjudged punitive discharge.

> *Procedure for reconsideration of the sentence.* When reconsidering a sentence which is not mandatory but which is legal in part and illegal in part, the maximum sentence that may be adjudged is the legal portion of the original sentence. *See United States v. Nicholson, supra.* [10 U.S.C.M.A. 186, 27 C.M.R. 260 (1959)]; *United States v. [Long]*, [4 U.S.C.M.A. 101, 15 C.M.R. 101 (1954)] *supra.*

Upon certification to this Court by the Judge Advocate General of the Army, the decision of the Board of Review was affirmed.[6] In language which we believe to be directly applicable to the case at bar, Judge Brosman, writing for a unanimous Court, stated:[7]

> The Manual for Courts-Martial indicates specifically that "If the law officer of a general court-martial notes any ambiguity or apparent illegality in the sentence as announced by the court, he should bring the irregularity to the attention of the court so that it may close to reconsider and correct the sentence." Paragraph 76c. The case at bar falls precisely within this Manual language, since the court-martial attempted to adjudge a sentence beyond its legal power to impose. *United States v. Brasher*, 2 U.S.C.M.A 50, 6 C.M.R. 50; Manual, *supra*, paragraph 127b. Thus the law officer was under an obligation to direct the attention of the court to the "apparent illegality in the sentence" and to permit its members "to reconsider and correct the sentence."

### III

A situation is readily imaginable in which, through inadvertence, the president of a court-martial may fail properly to announce the actual sentence of the court. See *United States v. Robinson*, 4 U.S.C.M.A. 12, 15 C.M.R. 12; . . . In such an instance we would be required to conclude that the court-martial possessed power forthwith to correct the sentence in order that it might correspond to that which was in fact voted by the members. Ibid. In the instant case, however, it is apparent that no mere clerical or verbal error was involved.

．　　．　　．　　．　　．

Accordingly, this case falls squarely within the rule of the Manual that "The court may not, however, reconsider the sentence with a view to increasing its severity after the sentence has been announced unless the sentence prescribed for the offense of which the accused has been convicted is mandatory." Manual, *supra*, paragraph 76c. It is apparent that we are concerned with no mandatory sentence here.

In the instant case, as in *Long*, the court attempted to adjudge "a sentence beyond its legal power to impose."[8] However, as in *Long*, the fact that the court exceeded the legal perimeters of its authority does not adversely affect that part of the sentence which was within its power to

---

**6.** In *United States v. Varnadore*, 9 U.S.C.M.A. 471, 26 C.M.R. 251 (1958), this Court overruled its earlier interpretation of paragraph 127b of the 1951 Manual, enunciated in *United States v. Brasher*, 2 U.S.C.M.A. 50, 6 C.M.R. 50 (1952). While *United States v. Long, supra*, and *United States v. Linder*, 6 U.S.C.M.A. 669, 20 C.M.R. 385 (1956) involved this same provision, its legality was not at issue there. *United States v. Varnadore, supra* at 473 n. 1, 26 C.M.R. at 253. Thus, while the assumption of law involved in *Long* and *Linder* was overruled in *Varnadore*, the holding of *Long* and *Linder* as to the legal effect of announcing a sentence which is partly illegal remains viable.

**7.** *United States v. Long, supra* at 103, 15 C.M.R. at 103. See *United States v. Linder, supra*, at 677, 20 C.M.R. at 393 (concurring opinion of Judge Latimer):

> In *United States v. Long*, 4 U.S.C.M.A. 101, 15 C.M.R. 101, the president of a general court-martial announced the sentence in open court. Immediately thereafter, the law officer called the court's attention to the fact that the sentence was illegal because it contravened certain special limitations set out in the Manual. He directed the court to reconsider its action, and in attempting to make the sentence conform to the law, the court increased the severity of the punishment first agreed upon. In that setting, we concluded the sentence imposed on reconsideration was illegal.

**8.** As was the Court in *Long*, we are convinced that the announcement of an undesirable discharge was not an inadvertent clerical or verbal error. The Sentence Worksheet—whereon it appears that the court "scratch[ed] out" those sections dealing with both the bad-conduct discharge and the dishonorable discharge, pursuant to the judge's instructions to eliminate that language that "you do not want to read and circle those portions that you do"— conclusively demonstrates a conscious rejection of each form of punitive discharge as an element of the sentence they wished to visit upon the appellant.

impose. *See Stonesifer v. United States*, 25 U.S.C.M.A. 313, 54 C.M.R. 829, 2 M.J. 212 (1977).

That portion of the decision of the United States Navy Court of Military Review which purports to affirm the bad-conduct discharge is reversed and that element of the sentence is set aside. In all other respects, the decision of the Court of Military Review is affirmed.

Judge COOK concurs.

FLETCHER, Chief Judge (dissenting):

I dissent. The Court originally granted the petition for review in this case to specifically consider the question of whether the additional sentencing instructions after the original announcement of sentence were prejudicially incomplete and inadequate, and the subsequently adjudged bad-conduct discharge was invalid. The majority has chosen to address only the second portion of this issue, and as I do not concur with their disposition, I will address each aspect of this granted issue.

I feel that it is readily apparent that the trial judge failed to properly instruct the court members. Examination of the instructions given[1] reveals that the judge failed to: (1) set forth the proper procedures to be utilized in reconsideration; (2) detail and tailor his initial instructions as to possible clemency recommendations to the situation which had developed; and (3) advise the court members that they could not increase the severity of the sentence. Additionally, he failed to give the trial defense counsel an opportunity to request or propose additional instructions. *See United States v. Keith*, 22 U.S.C.M.A. 59, 46 C.M.R. 59 (1972); *United States v. Kuzilik*, 49 C.M.R. 525 (A.F.C.M.R. 1974); *United States v. Haynes*, 44 C.M.R. 713 (N.C.M.R. 1971). It is clear that the ultimate responsibility for framing issues and providing guidance to the members is upon the military judge. *United States v. Graves*, 23 U.S.C.M.A. 434, 50 C.M.R. 393, 1 M.J. 50 (1975). His failure to properly "enlighten" the court members in this difficult situation necessitates curative action in the form of a sentence rehearing. *United States v. Keith, supra; United States v. Turner*, 14 U.S.C.M.A. 435, 34 C.M.R. 215 (1964).[2]

As I stated initially, I do not share the majority's conclusions as to the second facet of the granted issue. I do not believe that an announced sentence is severable one part from another. An announced sentence, the elements of which do not individually each fall within the prescribed maximum according to law, is totally void *ad initium*. To hold otherwise is to subscribe at this level to a concept which prognosticates that there is no interrelationship among the several elements of the announced sentence. The two announced sentences in this case documented the reciprocal influence of the elements in the minds of the court. To separate them, as the majority does here, totally violates the court members' determinations as to sentencing. I would overrule *United States v. Long*, 4 U.S.C.M.A. 101, 15 C.M.R. 101 (1954), and those cases relying upon its rationale, where inconsistent with the concepts expressed herein.

Believing as I do that the initial sentence was void, and in the absence of instructional deficiencies, I would need only look to the question whether the second announced sentence was in conflict with the applicable provision of the Manual for Courts-Martial. Paragraph 76c, Manual for Courts-Martial, United States, 1969 (Revised edition) provides:

> The court may not, however, reconsider the sentence *with a view to increasing its severity* after the sentence has been announced unless the sentence prescribed for the offense of which the accused has been convicted is mandatory. (Emphasis added.)

therefore, regard it as improper in this case to attempt to "cure," correct or modify a sentence imposed by the trial court.

1. The majority sets forth the full text of the judge's instructions in part I of its opinion.

2. We, unlike the courts of military review, do not have sentence reassessment powers, and I

This is not a task which I believe that this Court can complete in this case because of the aforementioned numerous instructional problems.

This Court should not, as a court of law, either bifurcate a sentence so as to destroy a prescribed jury function, or delineate degrees of severity to discharges, even though possibly catalogued as to governmental perquisites, that fall in the classification of less than honorable. To do as the majority does in this case makes this Court the ultimate sentencing authority—a function not contemplated by Congress,[3] nor properly within the purview of any terminative reviewing court. The end result of the majority's mechanics is that the ultimate sentence is reduction to the grade of E–3, and confinement at hard labor for twelve months, which totally disregards the members' fixed verdict design to discharge the appellant from the military service. This is a disregard of the rights of an integrated society provided with court-jury sentencing[4] to protect itself.

For the reasons stated above, I would reverse the decision of the Navy Court of Military Review and direct the Judge Advocate General of the Navy to return the record to the same or a different convening authority for a sentencing rehearing if practicable.

---

**3.** *Compare* Articles 66 and 67, Uniform Code of Military Justice, 10 U.S.C. §§ 866 and 867.

**4.** *See* Articles 51 and 52, UCMJ, 10 U.S.C. §§ 851 and 852.