STANLEY Z. LOZINSKI, Private, U. S.
Army, Petitioner

v

RODERICK WETHERILL, Major General, Commanding
Officer, United States Field Artillery Center,
Fort Sill, Oklahoma

and

COMMANDING OFFICER, Fitzsimons General Hospital,
Denver, Colorado, Respondents

21 USCMA 52, 44 CMR 106

Miscellaneous Docket No. 71–31

August 17, 1971

*Alan Dodd Rosen, Esquire,* Counsel for Petitioner.

## Memorandum Opinion of the Court

On consideration of the "Petition for Extraordinary Relief" filed in the above-entitled action, the following appears:

On December 18, 1970, charges were preferred against petitioner alleging wrongful possession of a firearm and premeditated murder, in violation of Articles 92 and 118, respectively, Uniform Code of Military Justice, 10 USC §§ 892 and 918. Experts retained by petitioner and Army experts, acting independently of each other, examined petitioner while the charges were under investigation in accordance with Article 32, Uniform Code, supra, 10 USC § 832. Each concluded that the petitioner, at the time of the alleged offenses, was unable to distinguish right from wrong, or to adhere to the right. They were also of the opinion that he was unable intelligently to cooperate in his own defense. See paragraph 121, Manual for Courts-Martial, United States, 1969 (Revised edition). Based on the foregoing opinions, and upon recommendations of the Investigating Officer and the acting Staff Judge Advocate, the Commanding General, Fort Sill, Oklahoma, in his capacity as convening authority, ordered the charges withdrawn. Petitioner was then transferred to Brooke General Hospital for medical board proceedings. The latter board disagreed with the conclusions of the above-mentioned experts, concluded petitioner was fit for duty, and returned him to Fort Sill.

Upon his return, the original charges were reinstated. Before further action was taken thereon, however, the accused was transferred to Fitzsimons General Hospital, Denver, Colorado, where he is presently undergoing further psychiatric examination.

Acting through his counsel, petitioner has objected to this transfer and has declared his unwillingness further to cooperate with the psychiatrists. His request for immediate trial upon the charges was denied because "a substantial question of the accused's mental responsibility exists" rendering trial inappropriate until that question is resolved.

Petitioner contends that there is no new evidence warranting reinstatement of the withdrawn charges. Thus, he argues, under Petty v Moriarty, 20 USCMA 438, 43 CMR 278 (1971), further proceedings should be enjoined. It is at once apparent that the conclusion reached by the authorities at Brooke General Hospital, who were responsible for petitioner's disposition under medical procedures, beclouded the conclusions originally arrived at. To resolve the resulting conflict, the convening authority wisely sought additional evidence. Such a course "minimizes the risk of error arising from faulty pretrial investigations, and appreciably reduces the . . . [reference to trial] of ill-founded charges against those subject to military law." United States v DeAngelis, 3 USCMA 298, 305, 12 CMR 54, 61 (1953). The Petty case is manifestly inapplicable.

It is next argued that the transfer, confinement, and order to submit to a sanity board at Fitzsimons General Hospital violates petitioner's rights under Article 31, Uniform Code, supra, 10 USC § 831. This contention is disposed of by reference to United States v Babbidge, 18 USCMA 327, 40 CMR 39 (1969).

Finally, it is urged that petitioner's right to a speedy trial has been abridged and he will suffer irreparable harm as a result of the further delay occasioned by the pending psychiatric examination. In support thereof it is pointed out that petitioner's health is rapidly deteriorating; and several eye-witnesses to the alleged offenses have been discharged from the service and are located in various sections of the country. Others have been transferred overseas. Petitioner has suffered pe-

riods of memory loss since the incident, impairing his ability to present a defense other than that of insanity.

The contention is one which must be presented at the trial in support of a motion to dismiss. United States v Hounshell, 7 USCMA 3, 21 CMR 129 (1956); Hallinan v Lamont, 18 USCMA 652 (1968). See also United States v Manos, 17 USCMA 10, 37 CMR 274 (1967).

Nothing presented by the petitioner indicates that the actions complained of tend to defeat this Court's jurisdiction to review petitioner's case, should the charges be referred to trial and result in a conviction and sentence reviewable here. Neither do such actions tend to negate the possibility of meaningful relief of any error which might appear on such a review should the case be submitted to this Court in the normal course provided for by the Uniform Code.

In view of the foregoing, there is no basis set forth in the petition for invocation of the extraordinary powers granted by 28 USC § 1651(a). Accordingly, the petition is dismissed.