October 26, 1971

No. 71–37 Nathaniel Holmes, Jr., PFC and Bernard Tucker, PVT, U. S. Army v Melvin Laird, as Secretary of the United States Department of Defense; Robert F. Froehlke, as Secretary of the United States Department of the Army; MG D., V. Rattan, Commanding General, 8th Infantry Division; MG Roland M. Gleszer, Commanding General, Military District of Washington; COL James F. Senechal, Staff Judge Advocate, Military District of Washington; MAJ Ronald S. Durian, Commanding Officer, Center Confinement Facility, Fort Belvoir, Virginia, and CPT Peter J. Shea, Provost Marshal, Headquarters, Military District of Washington, Fort Lesley J. McNair, Washington, D. C. 20315.

On consideration of the Petition for Writ of Habeas Corpus and/or Other Appropriate Relief, the Respondents' Reply to Order to Show Cause and Petitioners' Rejoinder to Reply from which it appears that Petitioners are in confinement in the United States Army Center, Confinement Facility, Fort Belvoir, Virginia, under charges originating within the Command of 8th Infantry Division located in the Federal Republic of Germany and that Petitioners' transfer to Germany has been stayed by order of the United States Court of Appeals for the District of Columbia Circuit pending determination of appeal from a decision in a United States District Court dismissing Petitioners' application for injunctive relief, and that Petitioners' claim of denial of a speedy trial presents no circumstances justifying grant of extraordinary relief (Lozinski v Wetherill, 21 USCMA 52, 44 CMR 106 (1971)), particularly because the delays complained of appear to have been caused by Petitioners' legally permissible efforts to prevent their return to their assigned unit, i.e. 8th Infantry Division.

Accordingly, it is, by the Court, this 26th day of October 1971,

ORDERED:

That said Petition be, and the same is, hereby dismissed for failure to set forth a basis for the relief requested.

November 8, 1971

No. 71–43 Ronald W. Briggs, U. S. Army v MG Alexander Bolling.

On consideration of the Petition for Writ of Habeas Corpus filed in the above-entitled action, it appearing that the issue on which said Petition is predicated was raised at the trial and adequately preserved for consideration at each stage of appellate review required or permitted by the Uniform Code of Military Justice, and that there are presented no such extraordinary circumstances as will warrant intervention of the Court prior to the conclusion of the proceedings now pending before the United States Army Court of Military Review, it is, by the Court, this 8th day of November 1971,

ORDERED:

That said Petition be, and the same is, hereby dismissed. 28 USC § 1651 (a); Henderson v Wondolowski, Miscellaneous Docket No. 71–32, August 20, 1971, 21 USCMA 655.