**UNITED STATES**

v.

**Adrian A. WARRINGTON, Sr., 218 58 7431 Lance Corporal (E–3) U. S. Marine Corps.**

**NCM 75 1928.**

U. S. Navy Court of Military Review.

17 Dec. 1975.

CDR C. A. Buhler, JAGC, USN, Appellate Defense Counsel.

LT (jg) Steven D. Moore, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, MURRAY and GLASGOW, JJ.

**DECISION**

CEDARBURG, Chief Judge:

This is a companion case to *United States v. Tarver,* 2 M.J. 1176 decided this date. At a separate trial by general court-martial with members, this appellant was convicted of a single charge and specification of robbery in violation of Article 122, UCMJ, 10 U.S.C. § 922. He was sentenced to confinement at hard labor for sixty months, forfeiture of $110 pay per month for sixty months, reduction in rank to E–1 and dishonorable discharge. The convening authority approved the findings and sentence adjudged by the court.

Appellant assigns two alleged errors. As we agree that the military judge should have granted his motion to dismiss for want of a speedy trial we will not reach his claim that the sentence is inappropriately severe.

These are the relevant milestones in the progress of appellant's case to trial:

| | |
|---|---|
| 30 Dec 74 | Alleged offense occurs. Appellant is placed in pretrial confinement. NIS Agent S_____ interviews victim and witnesses. |
| 31 Dec 74 | Defense counsel is appointed and visits appellant. |
| 22 Jan 75 | Demand for speedy trial addressed to CO 2dEngBn. |
| 23 Jan 75 | Battalion office hours. |
| 28 Jan 75 | Confinement in excess of 30 days approved. Article 32 investigator assigned. |
| 5 Feb 75 | CO 2dEngBn responds to speedy trial demand. |
| 11 Feb 75 | Charges preferred. Article 32 investigating officer receives copy of charge sheet and appointing order. |
| 28 Feb 75 | Article 32 investigation held. |
| 2–8 Feb 75 | 2dEngBn on field problem aboard Camp Lejeune. |
| 14 Mar 75 | Record of Article 32 investigation forwarded to CO 2dEngBn. |
| 17 Mar 75 | CO 2dEngBn endorses record of Article 32 investigation and forwards record to CG 2dMarDiv. |

| | |
|---|---|
| 21 Mar 75 | Article 34 advice letter prepared by SJA. Charges referred to general court-martial by CG 2dMarDiv. |
| 27 Mar 75 | Trial commences. |

The dates of Government activity are identical to those with respect to *Tarver* with the exception of the date of trial and the actions of 21 March. The Article 32, 10 U.S.C. § 832, hearing was conducted as a joint proceeding covering the two accused. We conclude that the difference between the date of Tarver's demand for speedy trial, lodged on 8 January, and the date upon which this appellant made his demand for speedy disposition of his case, 22 January, is insufficient to distinguish these cases and permit us to find that there was no denial of speedy trial.

January 22nd marks the point at which appellant invoked the "second prong" of the *Burton* rule, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971); *see United States v. Johnson*, 23 U.S.C.M.A. 397, 50 C.M.R. 279, 1 M.J. 101 (1975), whereby the Government is placed on notice that its diligence in bringing the case to trial will be subjected to close scrutiny and that "a failure to respond to a request for a prompt trial or to order such a trial may justify extraordinary relief," 21 U.S.C.M.A. at 118, 44 C.M.R. at 192.

Faced with explaining the same desultory pace, the Government did not here offer any reasons materially different from those advanced in *Tarver*. We have discussed the shortcomings of the Government's showing in *Tarver* and will not repeat our analysis now. With respect to the initial period of delay, the twenty-five day hiatus before battalion office hours and examination of the matter by appellant's commanding officer, the fact that the speedy trial demand was made two weeks later than Tarver's demand is not a distinguishing factor in this case. The period must be condemned as unreasonably dilatory because the Government ignored the statutory notice of Article 33 which required the commanding officer to decide if the case would go to general court-martial and take appropriate steps within eight days, not twenty-five. The other actions whose timing we have found

wanting in diligence in *Tarver* occurred after appellant's demand and merit the same evaluation found in the companion case. These include the preferral of charges; the notice to the investigating officer of his appointment and the failure to alert him to the existence of a demand for speedy disposition and the consequent need for expedition; and the scheduling of the Article 32, 10 U.S.C. § 832, hearing. We further note that appellant's demand received no reply from his commanding officer for two weeks.

Under the facts of this case, our examination of the totality of the delay which characterized the Government's progress to trial leads us to our conclusion that the military judge erred in his denial of appellant's motion to dismiss for want of speedy trial. *United States v. Burton, supra; United States v. Johnson, supra; United States v. Tarver, supra.*

The findings are set aside and the charge and specifications dismissed.

Judge MURRAY concurs.

GLASGOW, Judge (dissenting):

I dissent. It appears that defense counsel was appointed promptly when the appellant was confined shortly after the robbery and that appellant was brought to trial eighty-eight days later. In my opinion his ability to defend himself was in no way hampered by the unnecessary time consumed by the inept agents of the government and, when the rights of the victim and society in general are considered along with the rights of the criminal, the appellant's rights were not prejudiced by the delay in trial of this case. In the opinion of this author a denial of speedy trial was not established. *United States v. Gray*, 22 U.S. C.M.A. 443, 47 C.M.R. 484 (1973); *United States v. Amundson*, 23 U.S.C.M.A. 308, 49 C.M.R. 598 (1975); *United States v. Hawes*, 18 U.S.C.M.A. 464, 40 C.M.R. 176 (1969).

I agree with Judge Fulton, speaking for this Court, in his assessment of the "second prong" of the *Burton* rule, viz:

"In *Burton*, [*United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971)], the Court of Military Appeals held that in those cases where pretrial confinement exceeds ninety days a presumption arises that the accused has been denied a speedy trial. Appellant urges that *Burton* enunciated another new test namely that whenever a request for a speedy trial is submitted by an accused the Government must proceed to trial immediately or justify any further delay. Appellant implies that such a request alone places an added burden on the Government. The Court stated in *Burton*:

'Similarly, when the defense requests a speedy disposition of the charges, the Government must respond to the request and either proceed immediately or show adequate cause for any further delay. A failure to respond to a request for a prompt trial or to order such a trial may justify extraordinary relief. See *Petition of Provoo*, 17 F.R.D. 183, 200 (1955), affirmed, 350 U.S. 857, 100 L.Ed. 761, 76 S.Ct. 101 (1955).' [21 U.S.C.M.A. at 118, 44 C.M.R. at 172].

We do not believe that the court intended to promulgate a new rule of law applicable to a request for speedy trial. The pronouncement that the Government must proceed to trial immediately or show adequate cause for further delay is nothing new. The Constitution and Article 10, U.C.M.J., require the Government to bring cases promptly to trial and to account for delays. The *Burton* opinion states that failure to afford a speedy trial could result in extraordinary relief. This is a statement of existing law. The above quoted language does recognize the responsibility on the accused to assert his speedy trial claim at a time when something can be done about the delay. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Cf. *United States v. Tibbs*, 15 U.S.C.M.A. 350, 35 C.M.R. 322 (1965). In many cases delay works to an accused's advantage. *Barker v. Wingo*, *supra*. What the Court in *Burton* says is that if the accused is concerned about the delay, he should request a speedy trial. The Government is then on notice that the accused desires a prompt trial. If the Government does not proceed with due diligence, then he may petition for extraordinary relief. The request for trial may, however, be a prerequisite to the granting of such extraordinary relief. In *Provoo*, *supra*, the Maryland District Court stated:

'No doubt the appropriate procedure in the ordinary case is for the defendant to demand an immediate trial in the district court, and if it is refused, to apply to the proper appellate court for a writ of mandamus to compel trial. But that remedy is not an effective remedy in this case, and was not effective remedy in New York, where the only speedy trial which could have been obtained was a trial in a district which had no jurisdiction over the offense. The government admitted as much at the hearing on these pending motions but contended that the delay in New York was due to defendant's counsel and not to the government. I do not find this to be the fact. I find that defendant's counsel proceeded with reasonable dispatch. . . .' 17 F.R.D. 200–201.

We conclude that a request for a speedy trial, standing alone, does not place an added burden upon the Government. The request or lack thereof is one of the many factors 'to be considered in an inquiry into the deprivation of the right.' *Barker v. Wingo*, 407 U.S. at 528, 92 S.Ct. at 2191, 33 L.Ed.2d at 116. We give weight to such a request, and scrutinize closely the Government's actions thereafter, *Barker v. Wingo, supra, Cf. United States v. Amundson*, 23 U.S.C.M.A. 308, 49 C.M.R. 598 (1975)." *United States v. Barnes*, No. 74 3412 (N.C.M.R. 16 April 1975).

I do agree with the majority's assessment of the government's handling of this case as deplorable. It points up the pitfalls in depending upon "legal officers" who have no legal training and the need for a wider

understanding that sound legal advice must be obtained promptly by those responsible for processing crimes which may result in courts-martial. Much of the delay in the case *sub judice* resulted in at least three officers, charged with taking prompt action, improperly just waiting for the delayed Naval Investigating Service report to be made available. *United States v. Williams*, 16 U.S.C.M.A. 589, 37 C.M.R. 209 (1967); *United States v. Mason*, 21 U.S.C.M.A. 389, 45 C.M.R. 163 (1972). *Cf. United States v. Hounshell*, 7 U.S.C.M.A. 3, 21 C.M.R. 129 (1956). The time has passed when a commanding officer can confine one accused of a crime and just wait for something to happen. Articles 10 and 33, U.C.M.J., 10 U.S.C. §§ 810, 833.

I would affirm the findings but reassess the sentence.