UNITED STATES, Appellant

v.

JOSEPH ALBERTUS DOWNS, Private First Class, U. S. Marine Corps, Appellee

(4 USCMA 8, 15 CMR 8)

■■■■

No. 3788

Decided March 12, 1954

LCDR H. D. Golds, USNR, for Appellant.
LCDR Franklin P. Gould, USNR, for Appellee.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

Upon arraignment before a general court-martial accused pleaded guilty to two offenses (Charge I) of absence without leave in violation of Article 86, Uniform Code of Military Justice, 50 USC § 680; not guilty to desertion (Charge II) in violation of Article 85, Uniform Code of Military Justice, 50 USC § 679; and guilty to two offenses (Charge III) of failure to obey an order in violation of Article 92, Uniform Code of Military Justice, 50 USC § 686. He was found guilty of absence without leave as to Charge II, guilty as pleaded to the other charges, and sentenced to a bad-conduct discharge, forfeiture of all pay and allowances, confinement for one year, and reduction to the rank of private. Following approval by the convening authority, the board of review in the office of The Judge Advocate Gen-eral of the Navy dismissed the findings as to Charge II, affirmed the other findings, and reduced the sentence. This case is before us on certificate from The Judge Advocate General of the Navy, requesting essentially that we review the action of the board of review. In terms, the issue posed by the certificate is as follows:

"Did the corrected announcement by the President [of the court-martial] as to the findings under Charge II constitute error materially prejudicial to the substantial rights of the accused?"

The facts which serve to illuminate the issue presented may best be set forth by a verbatim extract from the record. The court-martial had listened to the evidence relating to the offense of desertion, including the testimony of

**9**

accused wherein he admitted his absence without leave but denied any intent to remain away permanently. It had closed to consider its findings, and thereafter had reopened to announce the findings. The following events then took place:

"PRES: Private First Class Joseph Albertus Downs, it is my duty as president to inform you that the court met and finds you of charge one, specification one and two, finds you guilty as pleaded; of charge two, specification one, finds you not guilty; and charge three, specification one and two, guilty as pleaded.

"LO: I don't believe those findings are in proper form.

"DC: I will have to object to instructions as to the findings. I submit that they are proper and have been entered.

"TC: May the trial counsel ask whether two thirds of the court concurred in the finding of not guilty to that charge?

"PRES: The court would like to make a correction to charge two.

"LO: I would refer the court and both counsels to page 519, Manual for Courts-Martial where it states, if it appears to the law officer that the court has made an ambiguous or inconsistent finding, he may give the court appropriate instructions and advise it to close and deliberate and vote further. Now the law officer will admit or at least in his opinion the findings are not ambiguous but in his opinion they are incorrect as a matter of law. For that reason I am going to instruct the court that they refer to the section previously referred to by the law officer in his instructions which is paragraph 74A, B, C, and D, Manual for Courts-Martial and also to the form that the findings should be in when they are announced by the president to the accused, namely that the proper number of members that concurred in the findings, the secret ballot was taken and the other necessary required formalities. I am going to ask the court to close and deliberate, and to put the findings in proper form.

The court closed at 1017 hours, 19 July 1953.

The court opened at 1025 hours, 19 July 1953.

"PRES: Court will come to order.

"TC: All parties to the trial who were present when the court closed are again present in court.

"PRES: Private First Class Joseph Albertus Downs, it is my duty as president of this court to inform you that the court in closed session and upon secret written ballot, two-thirds of the members present at the time the vote was taken concurring in each finding of guilty, finds you: of specification one, guilty; of specification two, guilty; of charge one, guilty; of specification of charge two, guilty; except the words, 'and with intent to remain away therefrom permanently' and 'in desertion'; of the excepted words, not guilty, of the charge, not guilty, but guilty of Article 86, unauthorized absence; of specification one of charge three, guilty; of specification two, of charge three, guilty; of charge three, guilty.

"DC: Defense has no objection whatsoever to the change in form of the findings, however, defense submits that the findings have been changed in substance as well as form and feels that objection for the record ought to be entered to that.

"LO: The law officer would like to inquire of the president as to whether or not the change from the finding of not guilty of the specification under charge two as announced when the court first opened was a grammatical error, was not the true intention of the court, or the result of the first vote that was taken, and whether the second finding properly announced the true vote of the court?

"PRES: The first announcement was an error and the true intention was as stated in the second announcement.

"LO: Then the first vote taken by the court found the accused guilty of unauthorized absence in regard to the specification under charge two?

"PRES: That is correct."

The board of review held that the

first announcement of the court-martial's findings amounted to a finding of not guilty as to the whole of Charge II and that the subsequent action of the court-martial changed the substance as well as the form of that finding to the detriment of the accused.

The procedure to be followed by a court-martial in its consideration and announcement of its findings is outlined in detail in the present Manual. In addition, the subject of reconsideration of the findings has been mentioned. Manual for Courts-Martial, United States, 1951, paragraph 74d(3), page 117, provides:

". . . A finding of not guilty results as to any specification or charge if no other valid finding is reached thereon; however, a court may reconsider any finding before the same is formally announced in open court. The court may also reconsider any finding of guilty on its own motion at any time before it has first announced the sentence in the case."

Necessarily, this provision also stands for the proposition that a finding of not guilty may not be reconsidered by a court-martial after it has been announced in open court. Thus, the real issue presented for determination is whether the court-martial reconsidered a finding of not guilty in this case.

When a court-martial, after due deliberation, reaches its findings in the case, they must be announced in open court. Manual for Courts-Martial, supra, paragraph 74g, page 118. It is axiomatic that the findings as announced must represent the findings agreed upon by the court-martial members. The president of the court-martial serves as the spokesman for this purpose, just as he does in most instances, Manual for Courts-Martial, supra, Appendix 8a, page 519, but the possibility exists that he will through some mischance err. Where such an event occurs, either the accused goes free on human frailty or the obligation mentioned above includes the duty to correct his mistake when it is brought timely to his attention. To say, as did the board of review, that an announcement of the findings, if rendered in intelligible language, immediately becomes sacrosanct whether or not it expresses the finding actually reached, places too much emphasis on form. We have no desire to enunciate a doctrine which permits an error in expression to mean immunity for a person who has judicially admitted his guilt. We are convinced that neither Congress nor the framers of the Manual intended that a procedure should be so rigid and inflexible as to prevent a court-martial from correcting what might be likened to a slip of the tongue.

The framers of the present Manual have in various instances indicated that they had an appreciation of the well-known fact that errors creep in in judicial proceedings. Thus, a certificate of correction may be used to correct a record of trial so as to cause the record to reflect the true proceedings, Manual for Courts-Martial, supra, paragraph 86c, page 143; a law officer has a duty to call the court-martial's attention to any finding which is ambiguous or inconsistent, Manual for Courts-Martial, supra, Appendix 8a, page 519; and revision proceedings may be undertaken under certain circumstances, Manual for Courts-Martial, supra, paragraph 86d, page 144. The sole purpose which procedures such as those set forth above can serve is to permit the corrections of errors so that the formal report will state with accuracy the true findings made or the proceedings actually had.

The problem presented by this case is not restricted to military trials, but has arisen in the Federal courts as well. It has been held that even though the jury has returned its verdict and the discharge of the jury announced, it is permissible to recall the jury for the purpose of resubmission of the issue or amendment of the verdict, so long as the jury has not been permitted to disperse and no opportunity to mingle with or discuss the case with others has been accorded them. Summers v. United States, 11 F2d 583, 586 (CA 4th Cir 1926), cert den 271 US 681, 70 L ed 1149, 46 S Ct 632. Similarly, where the verdict announced is defective, it is within the province of the court to have it corrected to conform to the actual

finding of the jury, either in open court or by allowing the jury to retire. Grace v. United States, 4 F2d 658, 662 (CA 5th Cir 1925), cert den 268 US 702, 69 L ed 1165, 45 S Ct 637; Jay v. United States, 35 F2d 553, 554–555 (CA 10th Cir 1929). Lastly, when a verdict of not guilty has been announced by mistake, the court may permit the jury to correct the error in the announcement. Shiflett v. Welch, 161 F2d 933, 934 (CA 4th Cir 1947), cert den 332 US 777, 92 L ed 362, 68 S Ct 41, reh den, 332 US 845, 92 L ed 416, 68 S Ct 264. In that case the court stated the point was so entirely lacking in merit as not to warrant discussion.

To point out clearly a line of departure between two related concepts, we recognize that a judge or law officer may not direct a jury or court-martial to reconsider a finding of not guilty where that is the finding truly made. State v. Williams, 220 NC 724, 18 SE2d 126 (1942); United States v. Korne, 7 CMR 136; United States v. Derryberry, 7 CMR 108. The important rule to be observed is that the finding rendered be the true finding agreed upon and that there be but one determined.

In the present case the form of the findings as first announced was on its face incorrect. This error was immediately suggested by the law officer. Apparently, this caused the court-martial president to consider the words he had uttered, and led him to disclose an error in the announcement. The court-martial again retired into closed session and opened to announce findings which were correct in form and included a finding of guilty as to the lesser included offense of the desertion charge. When questioned as to whether the first announcement represented the true findings of the court-martial, the president replied in the negative, and stated that his second announcement represented the true findings. Accordingly, there was no reconsideration of the findings, there was only a recasting of the language to announce the findings previously agreed upon. Nothing in the record tends to cast doubt on the accuracy of the president's explanation, nor was anything done which is inconsistent with the explanation of mistake in language. No member of the court-martial disputed the truthfulness of his statement. Finally, in view of accused's admission of guilt of the included offense, there can be no question about the improbability of the first announcement reflecting the true verdict reached by the court-martial. After a careful search of the entire record, we find nothing to indicate any possibility of the court-martial being influenced to reconsider the findings on their merits. We, therefore, conclude that the proceedings were in order.

The question certified by The Judge Advocate General of the Navy is answered in the negative. The record is returned to him for reference to a board of review for action not inconsistent with this opinion.

Chief Judge QUINN and Judge BROSMAN concur.