2005 ME 63

## DEPARTMENT OF HUMAN SERVICES

v.

## SANFORD HEALTH CARE FACILITY, INC.

Supreme Judicial Court of Maine.

Argued: Feb. 17, 2005.
Decided: May 27, 2005.

G. Steven Rowe, Atty. Gen., Janine Keck Massey, Asst. Atty. Gen. (orally), Augusta, for plaintiff.

U. Charles Remmel, Jennifer A. Archer (orally), Kelly, Remmel & Zimmerman, Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

DANA, J.

[¶ 1] Sanford Health Care Facility, Inc., appeals from an order of the Superior Court (Kennebec County, *Studstrup, J.*) accepting modifications to the final accounting proposed by the Department of Human Services[1] during the court-ordered process of terminating the receivership of the Sanford Health facility. Sanford Health contends that the receivership statute that governs compensation of the receiver, 22 M.R.S.A. § 7933(5) (2004), permits Sanford Health to recover receivership fees and legal fees from the Department, notwithstanding the MaineCare Principles of Reimbursement for Nursing Facilities, 15 C.M.R. 10 144 101–998.8, – 998.10 §§ 43.42.5, 43.9 (2004). We disagree and affirm the judgment.

## I. BACKGROUND

[¶ 2] The Sanford Health facility is a long-term nursing care facility. Because approximately sixty percent of Sanford Health's occupants qualified for Maine-Care (i.e., Medicaid) benefits, it participated in the MaineCare program that provided the facility with a subsidy for certain approved costs. In the summer of 2001, Sanford Health was operating the facility at a deficit and was almost out of funds. The then operators of Sanford Health and the Department met and the Department concluded that the facility's financial condition was such that an emergency existed that threatened "the health, security or welfare of its residents." The Department therefore filed a petition in the Superior Court for the appointment of a receiver pursuant to 22 M.R.S.A. § 7933(2) (2004). With the consent of Sanford Health, the court (*Marden, J.*) appointed First Atlantic Corporation as the receiver for Sanford Health to protect the facility's residents

---

1. Effective July 1, 2004, the Department of Human Services was subsumed by the Department of Health and Human Services. P.L. 2003, ch. 689.

until further order of the court. 22 M.R.S.A. §§ 7931, 7933(1) (2004).

[¶ 3] In August 2002, after Sanford Health agreed to lease its facility to a third party, the Department moved to terminate the receivership. First Atlantic, as the receiver, was ordered to pay certain bills and expenses including reasonable and necessary legal fees, file a MaineCare cost report with the Department, and file a final accounting with the court after the transfer of the facility to the new owner.

[¶ 4] Following the transfer of the facility to the new owner, the receiver filed its MaineCare cost report with the Department. The Department audited this cost report and advised First Atlantic in March 2004 that it was disallowing for MaineCare reimbursement purposes its receivership fees ($64,817) and some of its legal fees ($13,914).[2] On March 11, 2004, First Atlantic advised Sanford Health that "[w]e feel that if you would like to pursue this [disallowance of receivership fees and legal expenses] further with the state that it is up to you to do so" and enclosed a Maine-Care invoice showing a total amount due the Department of $67,629.97.

[¶ 5] Pursuant to the Department's notice and MaineCare regulations, 15 C.M.R. 10 144 101–998.26 § 140.1 (2004), Sanford Health had thirty days within which to challenge the Department's MaineCare audit.[3] It did not do so. On May 18, 2004,

the Department filed the same audit of First Atlantic's cost report in the Superior Court seeking to modify the receiver's final accounting based on the application of the MaineCare Principles. On June 23, 2004, Sanford Health challenged the receivership accounting in the Superior Court, arguing that the two adjustments based on the MaineCare audit were not justified. Specifically, Sanford Health argued that by appointing a receiver, the court preapproved the costs and expenses associated with the receivership, and that the sums the receiver expended to operate the facility in Sanford Health's place were not third-party or parent company expenditures.[4] The Department responded that Sanford Health had thirty days to challenge the merits of the Department's MaineCare reimbursement adjustment and failed to do so and could not collaterally attack that adjustment in the receivership final accounting.

[¶ 6] After argument, the court entered an order accepting the proposed revisions to the receiver's accounting, reasoning that Sanford Health failed to pursue the proper administrative remedy of appealing the findings of the MaineCare audit. The court further stated that even if Sanford Health's objection to the receivership audit were proper, the outcome would be the same because the Department's interpretation of its own regulations was entitled

---

2. In the receivership audit, the Department made adjustments that denied reimbursement to Sanford Health for the receiver's management fees pursuant to Principle 43.42.5, which states, "Management fees charged by a parent company or by an unrelated organization or individual are not allowable costs ...." 15 C.M.R. 10 144 101–998.8 (2004). The Department also disallowed certain legal fees based on Principle 43.9: "Legal fees to be allowable costs must be directly related to resident care...." 15 C.M.R. 10 144 101–998.10 (2004).

3. MaineCare Benefits Manual, Chapter III, Section 67, Subsection 140.1.2.1 provides in pertinent part: "Within 30 days of receipt of an audit or other appealable determination, the facility must request, in writing, an informal review before the Director of the Division of Audit .... Only issues presented in this manner and timeframe will be considered ... at a subsequent administrative hearing." 15 C.M.R. 10 144 101–998.26 § 140.1.2.1 (2004).

4. See 15 C.M.R. 10 144 101–998.8 (Principle 43.42.5).

to deference. Sanford Health timely appealed from the acceptance of the accounting.

## II. DISCUSSION

 [¶ 7] During the course of the receivership, Sanford Health used funds advanced by the Department to satisfy certain obligations that the Department ultimately determined MaineCare would not cover. Rather than challenging the accounting adjustment administratively as required by MaineCare regulations, it sought a declaration that the receivership statute required the Department to reimburse Sanford Health for its receivership and legal fees.

[¶ 8] A party dissatisfied with a MaineCare audit adjustment made by the Department must commence an administrative appeal from the decision within thirty days after receiving the audit. 15 C.M.R. 10 144 101–998.26 § 140.1. This Sanford Health did not do.

[¶ 9] In the receivership proceeding, the court outlined a separate process for terminating the receivership. It ordered First Atlantic to prepare a final accounting and provide a copy to the court, the Department, and Sanford Health. It gave the Department ninety days to complete its audit with copies to the court, First Atlantic, and Sanford Health. Both First Atlantic and Sanford Health then had thirty days to respond. The court order outlined a hearing and resolution process to follow.

[¶ 10] The receivership statute provides that "[t]he court shall set a reasonable compensation for the receiver and may require the receiver to furnish a bond with such surety as the court may require. Any expenditures shall be paid from the revenues of the facility." 22 M.R.S.A. § 7933(5). The court's order, which accepted the Department's receivership audit, satisfied the receivership statute. The receiver has been paid its agreed upon fee and legal expenses out of the revenues of the facility. The remaining dispute does not concern the receivership; the receiver has been paid and the court has entered an order providing for the termination of the receivership. For purposes of the receivership proceeding, the funds the Department advanced *were* treated as "revenues of the facility" and a percentage of those were disbursed to the receiver pursuant to section 7933(5). It is immaterial to the receivership proceeding that a dispute remains between Sanford Health and the Department regarding any debt Sanford Health may owe to the Department. As the court properly concluded, any such dispute is properly addressed in an administrative appeal pursuant to the MaineCare Principles, not in the present receivership action.[5]

The entry is:

Judgment affirmed.

---

5.  Because Sanford Health did not assert a claim of equitable estoppel in the Superior Court, the issue is not preserved and we do not review it on appeal. *See Verizon New England, Inc. v. Pub. Utils. Comm'n,* 2005 ME 16, ¶ 15, 866 A.2d 844, 849–50.

In addition, although there appears to be a question regarding whether Sanford Health received proper notice of the MaineCare audit, Sanford Health does not raise this issue in the present appeal except by mention in a footnote in its brief arguing that Sanford Health did not fail to exhaust its administrative remedies. *See* Alexander, *Maine Appellate Practice* § 402(b) at 174 (2d ed. 2004).