# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, HAIGHT, and MAGGS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant NICHOLAS G. BUCKUS**
**United States Army, Appellant**

ARMY 20130627

Headquarters, 82d Airborne Division
Kirsten Brunson, Military Judge
Colonel John N. Ohlweiler, Staff Judge Advocate (pretrial and recommendation)
Lieutenant Colonel Dean L. Whitford, Staff Judge Advocate (addendum)

For Appellant:  Major Aaron R. Inkenbrandt, JA; Captain Heather L. Tregle, JA.

For Appellee:  Major John K. Choike, JA.

29 May 2015

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of seven specifications of rape of a child, six specifications of sexual abuse of a child, and assault consummated by battery upon a child under 16 years of age, in violation of Articles 120b and 128, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 920b, 928 (2012).  The military judge sentenced appellant to a dishonorable discharge, confinement for 28 years, and to be reduced to the grade of E-1.  The convening authority approved only so much of the adjudged sentence as provides for a dishonorable discharge, confinement for 24 years and 11 months, and reduction to the grade of E-1.

This case is before us for review pursuant to Article 66, UCMJ.  This case was submitted upon its merits, but appellant personally raised several issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), one of which merits discussion and correction but no relief.

**FACTS**

Appellant pleaded guilty to a host of sexual offenses committed against his stepdaughter, KSL, who was under the age of 12 years.  In Specification 11 of Charge I, the government alleged that appellant:

> did, at or near Fort Bragg, North Carolina, between on or about 15 March 2013 and on or about 9 April 2013, commit a lewd act, to wit:  intentionally commit indecent conduct in the presence of a child, to wit:  ejaculate on [KSL], a child who had not attained the age of 12 years.

During the providence inquiry, appellant admitted that while showering with KSL, he masturbated in her presence, with his ejaculate landing on her shoulder.  The military judge asked, "[D]id you intentionally ejaculate on her?"  Appellant answered that although he intended to ejaculate in KSL's presence, he did not intend to ejaculate directly on her.

Consequently, the military judge determined, "Okay, so he intentionally committed indecent conduct in her presence, that to wit:  instead of ejaculated on her, ejaculating in the presence of?"  Government trial counsel agreed with the military judge's modification of this particular crime.

Following the completion of the providence inquiry, the military judge announced her findings, convicting appellant of all thirteen specifications of rape or sexual abuse of a child.  However, with respect to Specification 11, the record reflects the military judge, when announcing findings, stated:

> Guilty, except the word, "ejaculate on," *excepting therefor* the words, "ejaculate in the presence of."  Of the excepted word: Not guilty; Of the *substituted* words: Guilty.

(emphasis added).

In his *Grostefon* matters, appellant alleges that "[b]ecause the military judge excepted both 'ejaculate on' and 'ejaculate in the presence of,' and failed to substitute any words, Specification 11 of Charge I should be dismissed."

Appellant has indeed identified either a misstep on the part of the military judge or an overlooked error in transcription.  Regardless, this mistake warrants only a correction, not a dismissal of the offense in its entirety.

Rule for Courts-Martial 918(a)(1) allows for a finding of guilty "with exceptions, with or without substitutions" as long as the amended finding does not "substantially change the nature of the offense or [] increase the seriousness of the offense or the maximum punishment for it." Here, the military judge's findings properly excepted out the original words "ejaculate on." But instead of *substituting* the new language "ejaculate in the presence of," she misspoke and "except[ed]" those words as well.[1] The military judge's intent to *substitute* rather than *except* those new words is crystal clear based not only upon the absurdity of excepting words that were not included in the original specification, but also upon appellant's detailed explanation of those very facts during the providence inquiry and the government's agreement to the amendment to the specification. Furthermore, the military judge's finding of guilty of "the substituted words" is nonsensical without actually identifying what words are to be substituted.

In *United States v. Downs*, our superior court, in addressing an erroneous announcement of not guilty to an offense, pronounced that "[w]e have no desire to enunciate a doctrine which permits an error in expression to mean immunity for a person who has judicially admitted his guilt." 4 U.S.C.M.A. 8, 11, 15 C.M.R. 8, 11 (1954). Although the erroneous announcement in *Downs* was recognized immediately at trial by the law officer, we find no basis for not extending its reasoning here on appeal, where the military judge's "slip of the tongue" appears to have gone unnoticed not only by the trial litigants, but also by all involved in the post-trial processing of this record. *Id*. at 10-11, 15 C.M.R. at 10-11. We discern no possible prejudice suffered by appellant nor any confusion created by the military judge's erroneous announcement. Appellant pleaded guilty to the offense as originally charged, and it was appellant himself—during the colloquy—who pointed out the factual discrepancy, thereby prompting the military judge to adjust the wording of the offense. Thus, there is "no question about the improbability of the first announcement reflecting the true verdict" reached by the military judge. *Id*. at 12, 15 C.M.R. at 12. The military judge intended to *substitute* the words "*ejaculate in the presence of*" and accordingly, a "recasting of the language" of Specification 11 of Charge I now is wholly appropriate in order to accurately reflect the "true findings" of appellant's court-martial. *Id*.

---

[1] The Promulgating Order reflects this error. However, the Report of Result of Trial states the military judge did, in fact, properly "substitute" the amended words in her findings.

**CONCLUSION**

Specification 11 of Charge I is approved as follows:

> In that Sergeant Nicholas G. Buckus, U.S. Army, did, at or near Fort Bragg, North Carolina, between on or about 15 March 2013 and on or about 9 April 2013, commit a lewd act, to wit: intentionally commit indecent conduct in the presence of a child, to wit: ejaculate in the presence of KSL, a child who had not attained the age of 12 years.

The remaining findings of guilty are AFFIRMED.[2]  After consideration of the principles set forth by our superior court in *United States v. Winckelmann*, 73 M.J. 11 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), we are able to reassess the sentence and the approved sentence is AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[2] The Promulgating Order is amended such that the words "ejaculate in the presence of" are properly substituted in Specification 11 of Charge I.