# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MORRIS, JUETTEN, and MURDOUGH
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 LAWRENCE N. THOMPSON**
**United States Army, Appellant**

ARMY 20240322

Headquarters, Fort Hood
Javier E. Rivera-Rosario, Military Judge
Colonel Terri J. Erisman, Staff Judge Advocate

For Appellant: Colonel Philip M. Staten, JA; Lieutenant Colonel Autumn R. Porter, JA; Major Robert D. Luyties, JA; Captain Andrew W. Moore, JA (on brief); Lieutenant Colonel Autumn R. Porter, JA; Major Amir R. Hamdoun, JA; Captain Andrew W. Moore, JA (on reply brief).

For Appellee: Colonel Richard E. Gorini, JA; Lieutenant Colonel Marc B. Sawyer, JA; Major Kathryn M. Moryl, JA (on brief).

5 November 2025

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

JUETTEN, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of three specifications of attempted indecent recording and one specification of indecent recording in violation of Articles 80 and 120c, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 920c (2019) [UCMJ]. The military judge sentenced appellant, pursuant to the specified terms of his plea agreement, to a bad-conduct discharge and ninety days of confinement.[1]

---

[1] The military judge sentenced appellant to ninety days of confinement for each specification, to be served concurrently. Appellant was credited with forty-five days of confinement credit against his confinement term.

Prior to announcement of findings and consistent with the terms of appellant's plea agreement, the military judge asked trial counsel whether the government intended to dismiss the offenses to which appellant had entered pleas of not guilty. However, when identifying the affected specifications, the military judge inadvertently included one specification for which appellant had entered a plea of guilty. Trial counsel agreed to the military judge's summation. Appellant now contends, for the first time on appeal, that the affected specification was dismissed by the military judge's technical error and relief should be granted accordingly. We disagree.[2]

## BACKGROUND

Appellant was initially charged with eleven specifications of attempted indecent recording and two specifications of indecent recording, in violation of Articles 80 and 120c, UCMJ. Pursuant to a plea agreement, appellant offered to plead guilty to one specification of indecent recording (Specification 1 of Charge I) and three specifications of attempted indecent recording (Specifications 9, 10, and 11 of Charge II). In exchange, the convening authority agreed to "direct[] the Trial Counsel to move to dismiss, without prejudice, Specification 2 of Charge I, and Specifications 1 through 8 of Charge II, to ripen into prejudice upon completion of appellate review."

At arraignment, prior to appellant entering his pleas, the trial counsel moved to amend Specification 1 of Charge I and Specification 11 of Charge II.[3] The military judge found the amendment was a major change and discussed the matter and its significance with appellant, after which appellant voiced no objection to the change. The military judge granted the motion, and the trial counsel made pen and ink changes on the charge sheet and the defense counsel initialed the changes. Appellant then entered a plea of guilty to Specification 1 of Charge I and to Charge I, as well as to three specifications of Charge II and to Charge II. The military judge had a colloquy with appellant's counsel and appellant regarding a term of the plea

---

[2] We have given full and fair consideration to the matter personally raised by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and determine it merits neither discussion nor relief.

[3] For Specification 1 of Charge I, trial counsel modified the date of the charged misconduct by six days. For Specification 1 of Charge I, trial counsel replaced a specific, named victim with a generic, physical description of the victim. For Specification 11 of Charge II, trial counsel did the inverse.

agreement regarding the amended specification and regarding the constructive[4] preferral and referral of the amended specification, to which they agreed.

The military judge accepted as evidence the stipulation of fact, signed by appellant, that included details of his conduct related to Specification 1 of Charge I. The military judge explained the definitions and elements of the offense pertaining to Specification 1 of Charge I, appellant acknowledged he understood them, and that the definitions and elements taken together accurately described what he did in Specification 1 of Charge I. The military judge conducted a detailed providence inquiry, during which appellant admitted each element of the offense and described in his own words exactly how he committed every element to establish his guilt of Specification 1 of Charge I.

In a second colloquy regarding the terms of appellant's plea agreement, the military judge again discussed the amended Specification 1 of Charge I with appellant and that the plea agreement required him to plead guilty to Specification 1 of Charge I. The military judge read a term from the plea agreement that: "after I accept your plea of guilty, [the] trial counsel will move to dismiss without prejudice all other Specifications in Charges I and II, to which you pled not guilty to ripen into prejudice upon completion of all appellate review." Appellant acknowledged he understood the term. The military judge continued: "if I accept your plea of guilty, the government will not prosecute the remaining Specification 2 of Charge I and Specifications 1 through 8 of Charge II."[5] The military judge lastly queried whether appellant had been advised "of the sex offender reporting registration requirements resulting from a finding of guilty of Specification 1 or Charge I [and the other specifications,]" to which appellant and his counsel acknowledged.

The military judge found appellant's plea provident and accepted it. The military judge asked "[t]rial counsel, at this time, do you move to dismiss without prejudice in accordance with the plea agreement, to ripen into prejudice upon completion of appellate review, *Specification 1 of Charge I* and Specifications 1, 2, 3, 4, 5, 6, 7, and 8 of Charge II?" (emphasis added). Trial counsel responded: "Yes,

---

[4] By constructive preferral and referral, the military judge explained, and appellant did not object and affirmatively waived, that as amended with a major change, technically the specifications were unsworn, were not investigated by an Article 32 preliminary hearing, and were not formally referred to a court-martial in the traditional manner.

[5] The military judge also highlighted from appellant's plea agreement that "if for some reason your plea of guilty at any time becomes unacceptable, to include during appellate review, the trial counsel will be free to proceed on all charges and their specifications."

3

Your Honor." The military judge granted the motion, and then directed appellant and defense counsel to rise and announced findings:

> Of Specification 1 of Charge I:  Guilty
> Of Charge I:  Guilty
> Of Specification 9 of Charge II:  Guilty
> Of Specification 10 of Charge II:  Guilty
> Of Specification 11 of Charge II:  Guilty
> Of Charge II:  Guilty

The military judge did not announce a finding for Specification 2 of Charge I, nor was it formally dismissed on the record. At no point did the appellant object to the finding of guilty of Specification 1 of Charge I and of Charge I.

The trial proceeded to the sentencing phase, where the military judge delivered a segmented sentence that included: "[f]or Specification 1 of Charge I:  To be confined for 90 days[.]" There was no objection from appellant, and appellant's counsel agreed with the military judge that the adjudged sentence comported with the terms of the plea agreement. The Statement of Trial Results and Entry of Judgment reflect that appellant pled guilty to, and was found guilty of, Specification 1 of Charge I.

## LAW AND DISCUSSION

"The statutory right of announcement of all findings in open court is a substantial right of the accused." *United States v. Miller*, ARMY 20021433, 2003 CCA LEXIS 438, at *2 (Army Ct. Crim. App. 14 Aug. 2003) (mem. op.) (alterations omitted) (internal quotation marks omitted) (citation omitted). However, "not all errors in the announcement of findings materially prejudice this substantial right." *United States v. Perkins*, 56 M.J. 825, 827 (Army Ct. Crim. App. 2001) (citing *United States v. Dilday*, 47 C.M.R. 172, 173 (A.C.M.R. 1973)). "The announcement of a verdict 'is sufficient if it decides the questions in issue in such a way as to enable the court intelligently to base judgment thereon and can form the basis for a bar to subsequent prosecution for the same offense.'" *Id.* (quoting *Dilday*, 47 C.M.R. at 173).

"Words matter, especially words that are legally significant." *United States v. Mahnke*, ARMY 20210533, 2022 CCA LEXIS 566, at *7 (Army Ct. Crim. App. 30 Sept. 2022) (summ. disp.). The military judge misspoke when, immediately prior to announcement of findings, he asked if the trial counsel moved to dismiss Specification 1 of Charge I, to which appellant earlier pled guilty, and granted the motion upon trial counsel's concurrence. This led to a technical error in the announcement of findings for which appellant now asks this court to set aside his

conviction for Specification 1 of Chage I and dismiss Specifications 1 and 2 of Charge I and Charge I with prejudice.

As we have previously noted, our superior court has long held that "'[w]e have no desire to enunciate a doctrine which permits an error in expression to mean immunity for a person who has judicially admitted his guilt.'" *United States v. Buckus*, ARMY 20130627, 2015 CCA LEXIS 225, *4-5 (Army Ct. Crim. App. 29 May 2015) (summ. disp.) (alteration in original) (quoting *United States v. Downs*, 4 U.S.C.M.A. 8, 11, 15 C.M.R. 8, 11 (1954)), pet. denied 75 M.J. 48 (C.A.A.F. 2015). It is "abundantly clear" that appellant, convening authority, military judge, and counsel for both parties intended that appellant plead to, and be found guilty of, Specification 1 of Charge I. *Mahnke*, 2022 CCA LEXIS 566, at *7; *see also United States v. Hurd*, ARMY 20240033, 2025 CCA LEXIS 374, at *6 (Army Ct. Crim. App. 6 Aug. 2025) (summ. disp.) (citation omitted). There was no intention by any party to dismiss Specification 1 of Charge I and thereby sever jurisdiction over a specification to which the appellant had expressly agreed to amend and plead guilty. While clear to identify a misstated word in a typed transcript, to the parties present in real time, the military judge's misspoken "Specification 1" went unnoticed because it was neither intended, expected, nor prejudicial. The actions of all parties make it "abundantly clear" they intended for Specification 2 of Charge I to be dismissed as per the plea agreement and entry of pleas. "As such, appellant gets the benefit of his bargain and suffers no prejudice if we affirm a finding of guilty . . . ." consistent with his plea. *Mahnke*, 2022 CCA LEXIS 566, at *7-8. Further, "[a]s a matter of judicial economy, we decline to remand this case to the trial court for a post-trial Article 39(a) hearing to . . . ." clarify the agreement and re-enter findings for Specifications 1 and 2 of Charge I. *Id.*, at *8.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty and the sentence are AFFIRMED.

Senior Judge MORRIS and Judge MURDOUGH concur.

FOR THE COURT:

//JAMES W. HERRING, JR.
Clerk of Court

5